No. 25-20492

_____

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT
_____

**HARRIET PAYNE, CHARLES PAYNE, JR. CAVIN PAYNE, STEPHANIE PAYNE, BETTY MORRISON, KIZZ GOINS, KATANIA DEARBORNE, and ROBERT PAYNE**

                                              **Plaintiffs – Appellees**

v.

**CITY OF HOUSTON, TEXAS**

                                              **Defendants - Appellants**
_____

On appeal from Civil Action Number 4:23-CV-04686, in the United States
District Court for the Southern District of Texas, Houston Division
_____

**CITY OF HOUSTON'S EMERGENCY MOTION TO STAY TRIAL PENDING APPEAL OF DENIAL OF GOVERNMENTAL IMMUNITY**
_____

To the Honorable Fifth Circuit Court of Appeals:

    1.    On October 29, 2025, the trial court denied Houston's motion for summary judgment on Plaintiffs' *Monell* claims and Plaintiffs' state law claims filed pursuant to the Texas Tort Claims Act ("TTCA") [Doc. #84]. October 30, 2025,

1

Defendant City of Houston, Texas, filed a notice of interlocutory appeal of the trial court's denial of its governmental immunity under the TTCA [Doc. #86]. Despite Houston's motion to stay trial because the issues involved in both cases are substantially intertwined, the trial court has denied Houston's motion to stay trial and has indicated that it will try the *Monell* claims starting November 10, 2025 [Doc. #90]. During pretrial on November 4, 2025, the trial court denied Houston's motion to certify the *Monell* claims for interlocutory appeal. Houston most humbly requests a ruling staying trial by Friday, November 7, 2025, because trial is scheduled to commence on Monday, November 10, 2025.

**Argument and Authorities**

2.   On October 29, 2025, Defendant City of Houston filed its notice of appeal to the United States Court of Appeals for the Fifth Circuit from the Court's order denying Houston's Rule 56 Motion for Summary Judgment based, in part, on governmental immunity. This order is an immediately appealable final decision under 28 U.S.C. §1291. *Mitchell v. Forsyth*, 427 U.S. 511, 527-30 (1985); *Powers v. Northside Indep. Sch. Dist.*, 662 Fed. Appx. 306, 308 (5th Cir. 2016) (recognizing interlocutory appeal jurisdiction because governmental immunity is complete immunity from suit); *Morgan v. Plano Indep. Sch. Dist.*, 724 F.3d 579, 582 (5th Cir. 2013) (same).

3.   The filing of a notice of appeal is an event of jurisdictional significance

– it confers jurisdiction on the court of appeals and divests the district of its control over those aspects of the case involved in the appeal. *Coinbase, Inc. v. Bielski*, 599 U.S. 736, 740, 143 S. Ct. 1915, 1919, 216 L. Ed. 2d 671 (2023); *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58, 103 S. Ct. 400 (1982). "[T]he district court loses jurisdiction over all matters which are validly on appeal." *Coastal Corp. v. Texas Eastern Corp.*, 869 F.2d 817, 820-21 (5th Cir. 1989). "A 'federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously.'" *Dayton Indep. Sch. Dist. v. U.S. Mineral Prods. Co.*, 906 F.2d 1059, 1063 (5th Cir. 1990) (quoting *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982)). "When one aspect of a case is before the appellate court on interlocutory review, the district court is divested of jurisdiction over that aspect of the case." *Id*. (citing *Coastal Corp.*, 869 F.2d 817, 820-21 (5th Cir. 1989)). "A district court does not have the power to 'alter the status of the case as it rests before the Court of Appeals.'" *Id*. *See also Wooten v. Roach*, 964 F.3d 395, 403-04 (5th Cir. 2020). This Court has "rigorously follow[ed]" this, explaining that courts are "bound by our well-established rulings that the district court loses jurisdiction over all matters which are validly on appeal." *Id.* (citing *Coastal Corp.*, *supra*, 869 F.2d at 820-21 and cases cited therein; *Griggs*, *supra*, 459 U.S. 56, 103 S. Ct. 400).

3

I. **Houston moved for a stay in the district court.**

4. Pursuant to Rule of Appellate Procedure 8, a party must ordinarily move first in the district court for a stay of the order pending appeal. Fed. R. App. P 8(a). Houston did so [Doc. #87]. The Court essentially granted the motion in part and denied in part, noting that it will proceed with trial on Plaintiffs' *Monell* claim only [Doc. #90].

II. **This Court should grant Houston's motion to stay pending its appeal.**

5. Houston respectfully request that the Court stay this litigation in its entirety pending the resolution of its interlocutory appeal on the issue of governmental immunity. Absent a stay, Houston's immunity from suit will effectively be lost pending resolution of the interlocutory appeals, because the Houston will be required to defend the allegations against it and participate in trial of this matter. *See Carswell v. Camp*, 54 F.4th 307, 310 (5th Cir. 2022) (recognizing that immunity from suit is effectively lost if defendant is forced incur burden and expense of discovery and trial).

6. Additionally, district courts regularly stay trials and other proceedings pending the resolution of interlocutory appeals. *See, e.g., U.S. v. Tex. Tech Univ.*, 171 F.3d 279, 285 (5th Cir. 1999); *Petta v. Rivera*, 143 F.3d 895, 898 (5th Cir. 1998); *Cutler v. Stephen F. Austin State Univ.*, 767 F.3d 462, 467 (5th Cir. 2014). One of the purposes of interlocutory appeal is to allow the parties to resolve contested issues at an early stage in the litigation without the expenditure of resources that would

necessarily attend a trial. *See Williams v. Brooks*, 996 F.2d 728, 730 n. 2 (5th Cir. 1993).

7. This Court considers four factors when deciding to grant a stay pending appeal: (1) whether the stay applicant has made a strong showing that [it] is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies. *Wilde v. Huntington Ingalls, Inc.*, 616 Fed. Appx. 710, 712 (5th Cir. 2015).

**A. Houston is likely to succeed on the merits on appeal.**

8. Houston's motion for summary judgment, among other things, challenged Plaintiffs' ability to establish causation, based on very recent, squarely-analogous authority from the Texas Supreme Court. *Werner Enterprises, Inc. v. Blake*, 719 S.W.3d 525 (Tex. 2025). In *Werner*, the driver of a pickup truck traveling too fast on an icy, divided interstate highway suddenly lost control, hurtled across a 42-foot-wide median, and collided with the defendant's 18-wheeler before the defendant had time to react. *Id.* at 528-29. The plaintiffs proved at trial that, if not for the 18-wheeler's speed, which was below the speed limit but still unsafe for the icy conditions, the accident likely would not have occurred or the injuries would have been less severe. *Id.* at 529. The Supreme Court held, however:

> The defendant's presence on the highway, combined with
> his speed, furnished the condition that made the injuries

5

> possible, but it did not proximately cause the injuries. Rather, the sole proximate cause of this accident and these injuries—the sole substantial factor to which the law permits assignment of liability—was the sudden, unexpected hurtling of the victims' vehicle into oncoming highway traffic, for which the defendants bore no responsibility.

*Id*.

9. The same is true here. *Even if* Cabrera had been traveling too fast for the conditions, and *even if* the accident would not have occurred had Cabrera been traveling more slowly, his presence on the Shepherd at the moment Charles Payne had a heart attack and turned into oncoming traffic was a mere happenstance of place and time. The sole substantial factor to which Texas law permits assignment of liability is Payne's sudden and unexpected left turn into oncoming traffic. Houston is therefore, likely to succeed on the merits of its appeal regarding proximate cause under the TTCA.

10. In addition, Houston argued that Plaintiffs' TTCA claim is barred by the TTCA's election of remedies scheme, to which Plaintiffs presented no applicable argument or authorities. Upon de novo review, Houston's arguments are likely to succeed.

**B. Houston will be irreparably injured absent a stay.**

11. Houston's immunity from suit will effectively be lost if Houston is required to go to trial while its appeal is pending. Furthermore, permitting the *Monell* theories to proceed to trial when the causation issues for both the TTCA and

6

*Monell* theories are intertwined violates the *Griggs* principle that already requires an automatic stay of district court proceedings that relate to ***any*** aspect of the case involved in the appeal. *See Coinbase*, 599 U.S. at 744.

12. Indeed, as this Court has previously recognized, a plaintiff seeking to recover on a wrongful death claim under § 1983 must prove both the alleged constitutional deprivation required by § 1983 and the causal link between the defendant's unconstitutional acts or omissions and the death of the victim, as required by the state's wrongful death statute. *Montano v. Orange Cnty., Tex.*, 842 F.3d 865, 882 (5th Cir. 2016). Texas law defines wrongful-death claims by statute, but causation by common law. *Id.* So Plaintiffs' *Monell* causation and TTCA causation are both premised on the same standard, most recently clarified by the Texas Supreme Court in *Werner Enterprises*, 719 S.W.3d 525. This causation is the exact issue pending on appeal of the TTCA claim; hence, under the *Gibbs* rule, the trial court has lost jurisdiction over both the *Monell* the TTCA claim.

13. Furthermore, because the *Monell* and TTCA claims arise from a single car accident, the measures of damages are the same for both claims, and the same witnesses will likely testify regarding both claims, the evidence that will be presented at trial in both cases is largely duplicative. In fact, Plaintiffs expressed their intention in the Joint Pretrial Order and during the November 4, 2025 pretrial conference to offer into evidence at trial limited to their *Monell* claim that Officer

7

Cabrera looked down at his computer just before colliding with Mr. Payne which caused his vehicle to drift into the center lane [*see* Doc. #91]. This is just one example of Plaintiffs injecting negligence theories—over which the trial court has lost jurisdiction—into their *Monell* trial.

14. In other words, Plaintiffs *Monell* and TTCA theories are premised upon virtually actions by Officer Cabrera, even though it is well-established a municipality cannot be premised upon ***respondeat superior***. By denying Houston's motion to stay, the trial court has essentially ordered the parties to conduct the same trial twice, incurring the time and expense of trial both times. This also places Houston at risk of being subject to both duplicative recovery and inconsistent verdicts, when the trial court has effectively lost jurisdiction over any causation issue at all.

**C. Issuance of a stay will not substantially injure Plaintiffs.**

15. Staying trial pending appeal will similarly prevent Plaintiffs from incurring the time and expense of preparing for trial pending the interlocutory appeal. Plaintiffs will not be substantially injured in any other respect.

**D. The public interest lies in staying proceedings in the district court pending appeal.**

16. Because the defendant is a governmental unit, all resources that would be expended in trial, settling the case, and/or paying a judgment are public resources. Indeed, the primary reason governmental immunity is maintained—well beyond its

8

origins of "the king can do no wrong"—is to conserve the public fisc. *Univ. of the Incarnate Word v. Redus*, 602 S.W.3d 398, 404 (Tex. 2020). Hence, the public interest is best served in staying all proceedings pending resolution of Houston's interlocutory appeal regarding governmental immunity.

17. Furthermore, to the extent this Court holds that Charles Payne was the sole proximate cause of the accident, or that Officer Cabrera breached no duty that proximately caused the accident, such a finding would likely be dispositive of Plaintiffs' *Monell* theories against the City of Houston. *See City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986) ("But this was an action for damages, and neither *Monell v. N.Y.C. Dep't of Soc. Servs*, 436 U.S. 658 (1978), nor any other of our cases authorizes the award of damages against a municipal corporation based on the actions of one of its officers when in fact the jury has concluded that the officer inflicted no constitutional harm. If a person has suffered no constitutional injury at the hands of the individual police officer, the fact that the departmental regulations might have authorized the use of constitutionally excessive force is quite beside the point."). As such, this court's resolution of this appeal could significantly narrow the issues in the case back in the district court, thereby conserving public resources.

**Conclusion**

For the reasons stated above, Defendant respectfully requests an order staying trial pending interlocutory appeal.

        Respectfully submitted,

        **ARTURO G. MICHEL**
        **City Attorney**

Date: November 5, 2025 By: */s/ Christy L. Martin*
        **Christy L. Martin**
        Chief, Torts/Civil Rights
        ATTORNEY IN CHARGE
        SBN: 24041336
        FBN: 754168
        832.393.6438
        christy.martin@houstontx.gov
        CITY OF HOUSTON LEGAL DEPARTMENT
        900 Bagby, 4th Floor
        Houston, Texas 77002
        ***Attorneys for Defendant***

## CERTIFICATE OF CONFERENCE

I hereby certify that on November 1, 2025, I conferred with counsel for Plaintiffs regarding this motion. Plaintiffs are opposed.

                                        */s/ Christy L. Martin*
                                        CHRISTY L. MARTIN

## CERTIFICATE OF COMPLIANCE

I certify that the foregoing was prepared in Microsoft Word 2016 MSO 64-bit in Times New Roman 14-point font; the word-count function shows that this motion contains 2,011 words.

                                          */s/ Christy L. Martin*
                                        CHRISTY L. MARTIN

## CERTIFICATE OF SERVICE

I hereby certify that pursuant to the Federal Rules of Civil Procedure, a true and correct copy of the foregoing was filed via CM/ECF and served via electronic filing manager to the following:

Via E-serve to: paul@bencrump.com
                    aaron@bencrump.com
                    cevens@mccathernlaw.com
                    sbergren@mccathernlaw.com

Paul A. Grinke
Texas Bar No. 24032255
Aaron Dekle
Texas Bar No. 24100961
**Ben Crump Law, PLLC**
5 Cowboys Way, Suite 300
Frisco, Texas 75034

And

11

Carl Evans
Texas Bar No. 24056989
Stephen M. Bergen
Texas Bar No. 24134428
**McCathern, PLLC**
3710 Rawlins St., Suite 1600
Dallas, Texas 75219

*/s/ Christy L. Martin*
CHRISTY L. MARTIN

Doc. #90

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| HARRIET PAYNE, *et. al.*, § | |
| § | |
| Plaintiffs, § | |
| § | |
| v. § | Civil Action No. H-23-4686 |
| § | |
| CITY OF HOUSTON, TEXAS, § | |
| § | |
| Defendant. § | |

### ORDER

Pending before the Court is Defendant City of Houston's Motion to Stay Trial Pending Resolution of Interlocutory Appeal of TTCA Claim (Document No. 87). Having considered the motion, submissions, and applicable law, the Court finds that the motion should be denied. Accordingly, the Court hereby

**ORDERS** that Defendant City of Houston's Motion to Stay Trial Pending Resolution of Interlocutory Appeal of TTCA Claim (Document No. 87) is **DENIED**. The Court further **NOTES** that the Court intends to proceed to trial on Plaintiffs' Federal *Monell* liability claim. The Court further

**ORDERS** that the parties be prepared to proceed with the Final Pretrial Conference with respect to Plaintiffs' *Monell* liability claim. The Court further

**ORDERS** that Plaintiffs' response to Defendant City of Houston's Motion to Stay Trial Pending Resolution of Interlocutory Appeal of TTCA Claim (Document No. 87) be submitted no later than Tuesday, November 4, at 9AM.

SIGNED at Houston, Texas, on this __31__ day of October, 2025.

_____
DAVID HITTNER
United States District Judge