No. 25-20492

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

**Harriet Payne; Charles Payne, Jr.; Cavin Payne; Stephanie Payne; Betty Morrison; Kizz Goins; Katania Dearborne; and Robert Payne,**

*Plaintiffs-Appellees*

v.

City of Houston, Texas

*Defendant-Appellant*

On Appeal from the United States District Court
for the Southern District of Texas, Houston Division
No. 4:23-CV-04686

**PLAINTIFFS' OPPOSITION TO CITY OF HOUSTON'S EMERGENCY MOTION TO STAY TRIAL PENDING APPEAL OF DENIAL OF GOVERNMENTAL IMMUNITY**

Plaintiffs-Appellees HARRIET PAYNE, STEPHANIE PAYNE, CHARLES PAYNE, JR., CAVIN PAYNE, BETTY MORRISON, KIZZ GOINS, KATANIA DEARBORNE, and ROBERT PAYNE file this Opposition to Defendant CITY OF HOUSTON'S Emergency Motion to Stay Trial Pending Interlocutory Appeal, and would respectfully show the Court as follows:

1

## I.   INTRODUCTION

Plaintiffs have two live claims in this case: (1) a state law tort claim under the Texas Tort Claims Act ("TTCA"); and (2) a *Monell* claim. Defendant has taken an interlocutory appeal from the Court's denial of its motion for summary judgment on the TTCA claim because it presents an issue of governmental immunity from suit, [Doc. # 86]—even though Defendant lost its prior interlocutory appeal on exactly the same issue earlier this year. *See Payne v. Houston*, No. 24-20150, 2025 WL 999085 (5th Cir. April 3, 2025). Notably, no facts have changed from this Court's prior order finding that the TTCA did not provide immunity to the City of Houston under these claims. *Id.* The facts and evidence still show that Officer Cabrera was driving 70 mph in a 35-mph zone without lights and sirens on a known dangerous section of the road that the City of Houston even identified as extremely dangerous, as he was returning to the station just to fill out a report. Officer Cabrera was not responding to an emergency, was not responding to a call for service, was not responding to a 9-1-1 call, and was not responding to an active crime. As such, no exclusion applies under the TTCA to provide governmental immunity to the City of Houston making this appeal frivoulous.

The District Court within its authority to order separate trials under Federal Rule of Civil Procedure 42 determined that the *Monell* claim should still proceed to trial especially since the City of Houston has no immunity from those claims.

2

Because the District Court denied the request for permissive interlocutory appeal, the Fifth Circuit has no jurisdiction to hear a challenge to the Court's denial of the motion for summary judgment on the *Monell* claim until final judgment is entered on that claim. *See* 28 U.S.C. § 1292(b); Fed. R. App. P. 5(b)(1)(E)(ii).

City of Houston now requests a stay of the scheduled trial on the *Monell* claims, even though only the TTCA claim's legal issues will be considered on its interlocutory appeal. Dkt. No. 4. City of Houston has not carried its burden of establishing the necessity of a permissive stay under the four factors considered for Federal Rule of Appellate Procedure 8. First, the City has not established that they are substantially likely to succeed on the merits of the appeal. Second, the City will not be irreparably injured absent a stay because the City is not immune from the *Monell* claims. Third, Plaintiffs will be injured by a stay by continuing to delay their day in court with additional delays caused by this frivolous appeal. Fourth, the public interest lies heavily in favor of adjudicating the constitutional claims of Plaintiffs in a speedy and judicious manner against the City for the rampant policies, practices and lack of training that caused Mr. Payne's death.

As an initial matter, Defendant suggests that the interlocutory appeal of the TTCA claim divests the District Court of jurisdiction to try the *Monell* claim. That argument is plainly wrong. "A notice of appeal from an interlocutory order does not produce a complete divestiture of the district court's jurisdiction over the case;

rather, it only divests the district court of jurisdiction over those aspects of the case on appeal." *Alice L. v. Dusek*, 492 F.3d 563, 564 (5th Cir. 2007). "[W]here an appeal is allowed from an interlocutory order, the district court may still proceed to trial with matters not involved in the appeal." *Taylor v. Sterett*, 640 F.2d 663, 667-68 (5th Cir. 1981). Indeed, "staying of [trial court] proceedings pending an interlocutory appeal is exceptional, not the rule." *Fitzgerald v. Compania Naviera La Molinera*, 394 F. Supp. 402, 412 (E.D. La. 1974). "This is true even when a party appeals a district court's finding that absolute immunity does not apply to certain conduct or that qualified immunity does not apply to certain claims." *Singelton v Cannizzaro*, 397 F. Supp. 3d 840, 843 (E.D. La. 2019) (citing *Cutler v. Stephen F. Austin State Univ.*, 767 F.3d 462, 468 (5th Cir. 2014)). In such circumstances, it makes no sense to grant a stay pending appeal if other claims, not subject to an immunity defense, "will remain" for trial no matter how the interlocutory appeal turns out. *Id.* That is exactly the situation here. Plaintiffs' *Monell* claim will not be considered on its interlocutory appeal from the District Court's TTCA ruling and will remain to be tried no matter how the interlocutory appeal turns out. The most that the interlocutory appeal will decide is whether Defendant enjoys state law qualified immunity from suit on Plaintiffs' TTCA claim. Defendant has no such immunity from suit on Plaintiffs' *Monell* claim

4

**A. Defendant Is not Likely to Succeed on the Merits of the Appeal.**

The City's entire argument that it is likely to succeed on the merits has nothing to do with the governmental immunity arguments connected to the TTCA claims. Dkt. No. 4 at 5–6. Specifically, under the TTCA, governmental immunity only applies if an exception to the waiver of immunity applies. *Payne*, 2025 U.S. App. LEXIS 7885, at *8–9 (5th Cir. April 3, 2025). The only exceptions which have been pled are the emergency exception and the 9-1-1 exception. This Court has already determined as a matter of law on the same facts that were alleged that have now been proved that those exceptions do not apply to this case and governmental immunity under the TTCA does not protect the City from Plaintiffs' claims. *Id.* Tellingly, in their Emergency Motion to Stay, the City does not even attempt to argue that it would have success on these merits as they would be futile. *See Id.*

Instead, Defendant's entire argument is a misplaced understanding and argument concerning whether Officer Cabrera was a proximate cause of Mr. Payne's death. Dkt. No. 4 at 5–6. This Court does not have jurisdiction on interlocutory appeal from a denial of a summary judgment to determine the proximate cause because this is a fact issue left for the jury. *Goodner v. Hyundai Motor Co.*, 650 F.3d 1034, 1044 (5th Cir. 2011) ("causation generally is a question of fact for the jury."); *Henry Le v. United States*, 138 F.4th 264, 274 (5th Cir. 2025) (same). On interlocutory appeals from a denial of summary judgment on immunity grounds, the United States

Supreme Court has made clear that the only immediately appealable grounds are "purely legal issue[s]." *Ortiz v. Jordan*, 562 U.S. 180, 188 (2011). When the immunity question is based on a question of fact, then that question is not immediately appealable. *Id.* Because the proximate cause determination is purely a question of fact and that is the City's only argument for appeal, the City is not likely to succeed on the merits as the Court can dismiss the appeal outright for lack of jurisdiction. *Id.*

The City's argument concerning *Werner Enterprises, Inc. v. Blake* is completely misplaced as that opinion does not change the proximate cause analysis and is inapplicable to Plaintiffs' claims. 719 S.W.3d 525 (Tex. 2025). *Werner* involved a vehicle that lost control and hurdled across a 42 foot median and hit vehicles coming the opposite direction. The vehicles that happened to be on the opposite side of the road when the vehicle crossed over that median were not a proximate cause of the collision. The City's attempt to twist this opinion to argue that Officer Cabrera was not a proximate cause of Mr. Payne's death defies logic and would essentially eliminate any claims for car collisions because now nobody will ever be the proximate cause of the death. Common sense and every reasonable juror can find that Officer Cabrera was the sole proximate cause when he was recklessly and deliberately indifferently driving 70 mph in a 35-mph road that was known to be dangerous looking down at his computer simply to return to his station

to fill out a report. Especially because the evidence establishes that Mr. Payne would have seen Officer Cabrera had he been going the speed limit and Officer Cabrera would have missed t-boning him had he been going the speed limit. *Werner* is wholly irrelevant to the issues in this case; the controlling decision is the one that the Fifth Circuit already issued in this very litigation. *See Payne*, 2025 U.S. App. LEXIS 7885. These are fact questions for the jury and not the basis for an interlocutory appeal.

Because the City cannot show that they have a reasonable likelihood of success, this factor weighs heavily against granting the stay.

### B. The City Will Not Suffer Any Injuries If the Stay is Denied

Defendant next argues that they will be irreparably harmed if a stay is not provided as their "immunity from suit" will be lost. Dkt. No. 4 at 6–8. This argument is grossly misplaced as the City will be subject to the *Monell* claims regardless of the Court's decisions on the legal issues that it has already determined relating to immunity under the waiver exceptions of the TTCA.

The City *has no immunity to suit* on the *Monell* claim, and trial of the *Monell* claim will not affect its interlocutory appeal on the issue of its immunity from suit under the TTCA. To state the obvious, Plaintiffs' TTCA and *Monell* claims are different. The TTCA claim arises under Texas statutory law and is subject to a Texas state immunity defense, to the extent immunity has not been waived. *See* Tex. Civ.

Prac. & Rem. Code § 101.025; *Univ. of Tex. M.D. Anderson Cancer Ctr. v. McKenzie*, 578 S.W.3d 506, 512 (Tex. 2019). Plaintiff's *Monell* claim arises under the U.S. Constitution and 42 U.S.C. § 1983 and is *not* subject to an immunity defense. *See Owen v. City of Independence, Mo.*, 445 U.S. 622, 638 (1980). Defendant is therefore wrong when it argues that its "immunity from suit will be effectively lost" if the Court goes forward with trial on the *Monell* claim. Defendant will not lose immunity from suit on the *Monell* claim because it has no immunity to lose. Even if Defendant wins its interlocutory appeal (which is highly doubtful given the adverse ruling it has already received on the same issues in this very case), the outcome of such a victory will be to protect it from suit on the TTCA claim, not the *Monell* claim.

The District Court has the inherent authority to sever the claims into separate lawsuits. Fed. R. Civ. P. 42. The City's Motion to Stay is in essence an attempt to have this Court reverse the District Court's order severing the claims which is not an appealable order. This Court has routinely dismissed appeals relating to Rule 42 orders as lacking jurisdiction. *In re Lieb*, 915 F.2d 180, 185, (5th Cir. 1990); *Guardian Ad Litem v. Logistics Ptnrs., Inc.*, 259 Fed. Appx. 644, 646–47 (5th Cir. 2007). A stay of the trial would have the same effect; therefore, the stay should be denied. All of the cases that the City cites are cases where the entirety of the case is subject to the interlocutory appeal which makes a stay make sense due to the District

8

Court's lack of jurisdiction; however, where the defendant is only potentially immune under a very limited state exception to one claim and not the other, the purpose of the stay is no longer necessary.

Because the City does not have an identifiable injury from having to go to trial on the *Monell* claims, this factor also weighs heavily in favor of denying the discretionary stay under Fed. R. App. P. 8.

**C. Issuance of the Stay will Injure Plaintiffs.**

Mr. Payne was killed on December 26, 2021. The Plaintiffs have been awaiting their day in Court and already had to sit and wait during the initial appeal of these exact same issues which this Court denied. *Payne*, 2025 U.S. App. LEXIS 7885. Having to sit through another appeal process that has no impact on their *Monell* claims will simply delay the justice that they are seeking. Plaintiffs, especially Ms. Harriet Payne, are advanced in age and further delays will dwindle the chances they have of seeing justice for the loss of their loved one.

Because the legal issues that the Court has jurisdiction over in relation to the TTCA immunity have no relation to the questions to be decided with the *Monell* claims, a stay would further injure Plaintiffs by delaying the inevitable. Plaintiffs should not have to wait to have their *Monell* claim heard based on a frivolous appeal of legal issues on an unrelated claim that this Court has already determined.

### D. The Public Interest is Best Served by Providing Justice for Constitutional Wrongs

The City argues that because they are the government conserving their resources serves the public interest. Dkt. No. 4 at 8–9. This argument is ironic because they are the ones filing a frivolous appeal on issues already definitively determined by this Court that are wasting judicial resources. Defendant's argument again is an end-run attack at the District Court's decision to sever the claims into separate trials under Rule 42. As established above, this attack should be rejected as that decision cannot be appealed including the District Court's inherent findings that judicial economy is best served by having separate trials.

Plaintiffs' *Monell* claims and their resolution are of high importance to the public. This case centers on the abuse of power by officers and the City who are to protect their citizens. The public and these Plaintiffs are entitled to speedy justice for a determination of these constitutional violations and to hold the City accountable for these wrongs. As established above, the interlocutory appeal about the waiver of immunity under the TTCA will have no impact on the *Monell* claims. Thus, delaying the trial of those claims serves no beneficial purpose but only injury on delaying justice. Accordingly, this factor also weighs in favor of denying the stay.

### E. The City's Motion Fails to Meet Local Rule Requirements

The Court can also reject the City's Emergency Motion as the City failed to certify that the facts supporting emergency consideration are true and complete. 5th Cir. Local Rule 27.3.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs-Appellees respectfully request that the Court deny Defendant-Appellant City of Houston's Emergency Motion to Stay.

Respectfully submitted,

**BEN CRUMP LAW, PLLC**

*/s/ Paul A. Grinke*
Paul A. Grinke
State Bar No. 24032255
paul@bencrump.com
Aaron Dekle
State Bar No. 24100961
aaron@bencrump.com
5 Cowboys Way, Suite 300
Frisco, Texas 75034
Telephone: (972) 942-0494
Facsimile: (800) 770-3444

Brooke Cluse
State Bar No. 24123034
brooke@bencrump.com
2620 W. Sam Houston Pkwy.,
Suite 200
Houston, Texas 77042
Telephone: (337) 501-8356

**MCCATHERN, PLLC**
Carl L. Evans, Jr.
State Bar No. 24056989
cevans@mccathernlaw.com
James E. Sherry
State Bar No. 24086340
jsherry@mccathernlaw.com
Sarah E. Courtney
State Bar No. 24142805
scourtney@mccathernlaw.com
3710 Rawlins, Suite 1600
Dallas, Texas 75219
(214) 741-2662 Telephone

**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I hereby certify that on November 4, 2025, a true and correct copy of the foregoing was filed with the Clerk of the Court using the CM/ECF system, which will send notice of this filing to all counsel of record.

*/s/ Paul A. Grinke*
Paul A. Grinke

## CERTIFICATE OF COMPLIANCE

I hereby certify that this document complies with the typeface requirements of Fed. R. App. 32(a)(5) and the type-style requirements of Fed. R. App. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word in Times New Roman 14-point font. This document complies with the word limit of Fed. R. App. P. 27(d)(2)(A) because the document contains 2724 words.

*/s/ Paul A. Grinke*
Paul A. Grinke

12