No. 25-20492

_____

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT
_____

**HARRIET PAYNE, CHARLES PAYNE, JR. CAVIN PAYNE, STEPHANIE PAYNE, BETTY MORRISON, KIZZ GOINS, KATANIA DEARBORNE, and ROBERT PAYNE**

                                  **Plaintiffs – Appellees**

v.

**CITY OF HOUSTON, TEXAS**

                                  **Defendants - Appellants**
_____

On appeal from Civil Action Number 4:23-CV-04686, in the United States District Court for the Southern District of Texas, Houston Division
_____

**CITY OF HOUSTON'S REPLY IN SUPPORT OF ITS EMERGENCY MOTION TO STAY TRIAL PENDING APPEAL OF DENIAL OF GOVERNMENTAL IMMUNITY**
_____

To the Honorable Fifth Circuit Court of Appeals:

Defendant-Appellant City of Houston hereby submits the following reply in support of its Emergency Motion to Stay Trial Pending Appeal of Denial of Governmental Immunity as follows:

1

## I. Houston's appeal is not frivolous because both the United States and Texas Supreme Courts have recognized that immunity issues may be considered at both the pleadings and summary judgment stages.

1. Plaintiffs repeatedly characterize Houston's appeal as frivolous because this Court previously considered certain of its immunity arguments after the trial court denied Houston's 12(b)(6). *See Payne v. City of Houston*, No. 24-20150, 2025 WL 999085 (5th Cir. April 3, 2025) (not designated for publication).

2. The United States Supreme Court has expressly recognized that immunity issues may be raised on appeal at **both** the pleadings stage and at the summary judgment stage. *Behrens v. Pelletier*, 516 U.S. 299, 307 (1996) (holding that unsuccessful appeal of qualified immunity at pleadings stage did not bar appeal at summary judgment stage). The reason for this is because the legally relevant factors for adjudicating the immunity question differ. *Id.* at 309. At the pleadings stage, it is the defendant's conduct as alleged in the complaint that is scrutinized. *Id.* On summary judgment, however, the plaintiff can no longer rest on the pleadings, and the court looks to the evidence before it. *Id.*

3. The Texas Supreme Court reached a similar reasoning regarding issues involving governmental immunity:

> In *Miranda*, we divided pleas to the jurisdiction into two broad categories. First, the government may challenge the pleadings. In such a plea, the government does not dispute the plaintiff's factual allegations, and evidence is irrelevant. The question is whether the alleged facts affirmatively demonstrate a trial court's subject matter

2

> jurisdiction. That is a question of law reviewed de novo. …This type of plea is thus similar—though not identical—to a motion to dismiss under Rule 91a in that it asserts that the plaintiff's allegations, taken as true, do not show a waiver of immunity. In that event, the plaintiff needs to respond not with evidence but with legal argument showing the court that, as a matter of law, its allegations demonstrate an immunity waiver despite the government's contrary arguments.
>
> Second, the government's plea to the jurisdiction may instead challenge the existence of jurisdictional facts, requiring the trial court to consider relevant evidence submitted by the parties when necessary to resolve the jurisdictional issues raised. The plea to the jurisdiction may, for example, be like a no-evidence motion for summary judgment by asserting that the plaintiff has produced no evidence of an element required for the immunity waiver to apply. In that event, the plaintiff may respond with additional evidence establishing that element of the waiver. The plea may mirror a traditional motion for summary judgment by attaching evidence in an effort to conclusively negate jurisdiction. In such a case, the plaintiff must produce enough evidence to raise a genuine issue of material fact to survive the plea.

*City of Austin v. Powell*, 704 S.W.3d 437, 447–48 (Tex. 2024) (cleaned up).

4. The distinction between the pleadings stage and the summary judgment stage is particularly apropos here, because the prior panel declined to take judicial notice of Houston's summary judgment evidence. *Payne*, 2025 WL 999085 at *2. Hence, the prior opinion decided at the pleadings stage does not foreclose Houston's current appeal at the summary judgment stage.

3

## II. Houston's motion for summary judgment presents meritorious grounds that were not previously before the Court.

5.  Moreover, Houston's motion for summary judgment presented issues not presented or addressed in the earlier appeal, including that Officer Cabrera breached no duty and that proximately caused the accident [Doc. #64 at ¶¶29-34]. Additionally, as Houston's initial motion mentioned, Houston argued that Plaintiffs' TTCA claims are barred under the TTCA's election of remedies scheme [Doc. #64 at ¶¶35-36]. Specifically, Section 101.106(d) of the TTCA's election of remedies scheme states "a judgment against an employee of a governmental unit shall immediately and forever bar the party obtaining the judgment from any suit against or recovery from the governmental unit." Tex. Civ. Prac. & Rem. Code § 101.106(d).

6.  Here, Payne's estate obtained a judgment against Officer Cabrera, [Doc. #65-25]. Because Plaintiffs' claims are entirely derivative of Payne's, *Russell v. Ingersoll-Rand Co.*, 841 S.W.2d 343, 345 (Tex. 1992) ("Wrongful death actions are also derivative of the decedent's rights."), both suit and recovery against Houston are barred. See Tex. Civ. Prac. & Rem. Code § 101.106(d).

7.  Plaintiffs only responsive argument was that Plaintiffs' *Monell* claims cannot be barred by the TTCA's election of remedies scheme; Plaintiffs presented no argument to refute that their TTCA claims are indeed barred. [Doc. #80 at ¶44]. Accordingly, on this ground alone, Houston is likely to succeed on the merits of its

appeal.

**III.   Because the *Monell* and TTCA claims involve the same issues of causation, *on these facts*, the trial court is devested of jurisdiction over both.**

8. Contrary to Plaintiffs' suggestion, *see* Response at 3-4, Houston is not asserting a blanket rule that any time a TTCA claim is appealed, the trial court is automatically divested of jurisdiction. Houston is asserting that in this case, on these facts and procedural posture, the trial court is divested of jurisdiction over Plaintiffs' *Monell* claim because certain aspects of that claim—most notably causation—are already pending on appeal.

9. Plaintiffs argue that this causation issue "has nothing to do with the governmental immunity arguments connected to the TTCA claims". *See* Response at 5. But proximate cause is one of the elements Plaintiffs must establish to prove that the TTCA's motor vehicle waives Houston's governmental immunity. Plaintiffs must also plead their claim "arises from" the negligent operation of a motor vehicle. These are separate and independent causation issues that Plaintiffs must prove to survive summary judgment. *City of San Antonio v. Riojas*, 640 S.W.3d 534, 537 n.13 (Tex. 2022) ("But the text of Section 101.021(1) requires a plaintiff to show both that the property damage, personal injury, or death arose from motor-vehicle use… These are separate and independent requirements. Satisfying the 'arises from' requirement does not excuse a plaintiff from demonstrating proximate cause."). Accordingly, if Plaintiffs cannot create a genuine issue of material fact as to

proximate cause, Plaintiffs cannot establish waiver of immunity. And when governmental immunity is lacking due to an absence of proximate cause, it can certainly be adjudicated as a matter of law prior to trial at either the pleadings stage or at summary judgment. *See e.g.*, *City of Dallas v. Sanchez*, 494 S.W.3d 722, 726–27 (Tex. 2016) (dismissing suit for want of jurisdiction because petition did not allege facts to plausibly suggest proximate cause at pleadings stage); *Dallas Area Rapid Transit v. Whitley*, 104 S.W.3d 540, 543 (Tex. 2003) (reversing and rendering judgment at evidence stage and recognizing operation or use of a motor vehicle does not cause injury if it does no more than furnish the condition that makes the injury possible); *LeLeaux v. Hamshire-Fannett Indep. Sch. Dist.*, 835 S.W.2d 49, 52 (Tex. 1992) (affirming summary judgment and holding that injuries did not arise from operation of bus because it was merely the setting for the injury).

10. Along the same lines, Plaintiffs argue that trial of the *Monell* claim will not affect Houston's interlocutory appeal on the issue of its immunity from suit under the TTCA because the two claims are different. *See* Response at 7. But the problem is Plaintiffs are intentionally injecting negligence theories into the *Monell* trial. Plaintiffs' response includes a prime example, asserting:

> Common sense and every reasonable juror can find that Officer Cabrera was the sole proximate cause when he was recklessly and deliberately indifferently driving 70 mph in a 35-mph road that was known to be dangerous looking down at his computer simply to return to his station to fill out a report

*See* Response at 6-7. Plaintiffs are trying to use the same facts as "recklessness" to support their *Monell* claim [Doc. #91 at 4]. Based on the manner in which Plaintiffs endeavor to try this case, there is no way to functionally separate these two claims at trial. Plaintiffs are basing their *Monell* claims and TTCA claims upon the same conduct being the proximate cause of Plaintiffs' injuries.

11. By forcing Houston to trial on *Monell* claims—which look to Texas law for causation and damages—the trial court would be exercising jurisdiction over the same issues pending before the Court in this interlocutory appeal.

12. This is the same reason why Houston's immunity from suit will be lost if trial is not stayed—trial of the *Monell* is tantamount to trial on the merits of Houston's TTCA claims as well. So, although the trial court is **nominally** proceeding to trial only on the *Monell* claims, the trial court is **functionally** going to trial on the TTCA claim too. This would significantly prejudice Houston, particularly if at some future point, Plaintiffs were to attempt to assert offensive collateral estoppel on the TTCA claim.

**IV. Plaintiffs' discussion of the TTCA's emergency and 9-1-1 exceptions fundamentally misconstrues the TTCA.**

13. Plaintiffs assert, "under the TTCA, governmental immunity only applies if an exception to the waiver of immunity applies. The only exceptions which have been pled are the emergency exception and the 9-1-1 exception." *See* Response at 5. This is untrue. In *Rattray*, the Texas Supreme Court made clear that plaintiffs

7

always maintain the burden to not only plead and prove that their case falls within one of the TTCA waiver provisions, but also negate any applicable waivers. *Rattray v. City of Brownsville*, 662 S.W.3d 860, 866–67 (Tex. 2023). So, if Plaintiffs have not proven that their injuries were proximately caused by Officer Cabrera's negligent operation of a motor vehicle, then they have not established the initial waiver. Put differently, the Court need not reach the exceptions to the wavier that would withdraw the wavier because Houston's immunity were never waived in the first place.

14. That said, Houston's motion for summary judgment was not premised on the emergency exception; only the 9-1-1 exception. And Houston did not mention the 9-1-1 exception in its motion to stay—not based on futility—but because, at surface level, the 9-1-1 exception appears less intertwined with the issues in the *Monell* trial. Yet, upon deeper inspection, even the 9-1-1 exception is indeed intertwined with the issues that Plaintiffs are injecting into the *Monell* trial. Specifically, to avoid precedent that a car accident causing unintended loss of or injury to life or property does not constitute a deprivation of a right secured by the Constitution and laws of the United States, *see e.g.*, *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 854 (1998), Plaintiffs have argued, (as they do in their response) that "Officer Cabrera was not responding to an emergency, was not responding to a call for service, was not responding to a 9-1-1 call, and was not responding to an active

crime." *See* Response at 2. Plaintiffs are operating under the assumption that if they prove these facts, conduct that is merely reckless "shocks the conscience" enough for a substantive due process violation [Doc. #12 at 10-11]. In short, whether Officer Cabrera was responding to an emergency or 9-1-1 call is pertinent not only to Plaintiffs' TTCA claims, but also their *Monell* claims. As such, the trial court is divested of jurisdiction over the *Monell* claim because whether Officer Cabrera was responding to a 9-1-1 call is pending before the Court in this appeal.

V. **Part of the delay in getting to trial stems from Plaintiffs' filing of successive suits in state and federal court.**

15. Plaintiffs argue that they would be injured by a stay because they already waited through the first appeal. *See* Response at 9. But Plaintiffs came within a month of trial in state court before non-suiting their case and re-filing in federal court. *See Payne*, 2025 WL 999085, at *1. The delay in getting this case to trial is partially a product of Plaintiffs' own litigation strategy and they should be estopped from claiming injury as a result.

VI. **This reply cures the defect in lack of LR 27.2 certification.**

16. In haste to promptly file the motion, the undersigned scoured Fed. R. Civ. P. 27 seeking the certification that was required for this motion and overlooked Local Rule 27.2. Forgive me. The certification at the end of this document cures the defect.

**Conclusion**

For the reasons stated above, Defendant most humbly and respectfully requests an order staying trial pending interlocutory appeal.

Respectfully submitted,

**ARTURO G. MICHEL**
**City Attorney**

Date: November 6, 2025   By:    */s/ Christy L. Martin*
**Christy L. Martin**
Chief, Torts/Civil Rights
ATTORNEY IN CHARGE
SBN:  24041336
FBN:  754168
832.393.6438
christy.martin@houstontx.gov
CITY OF HOUSTON LEGAL DEPARTMENT
900 Bagby, 4th Floor
Houston, Texas 77002
***Attorneys for Defendant***

## CERTIFICATION UNDER LOCAL RULE 27.2

I hereby certify that the facts supporting emergency consideration of the Emergency Motion filed on November 5, 2025 and in this reply are true and complete.

>    */s/ Christy L. Martin*
>    CHRISTY L. MARTIN

## CERTIFICATE OF COMPLIANCE

I certify that the foregoing was prepared in Microsoft Word 2016 MSO 64-bit in Times New Roman 14-point font; the word-count function shows that this motion contains 2,088 words.

>    */s/ Christy L. Martin*
>    CHRISTY L. MARTIN

## CERTIFICATE OF SERVICE

I hereby certify that pursuant to the Federal Rules of Civil Procedure, a true and correct copy of the foregoing was filed via CM/ECF and served via electronic filing manager to the following:

Via E-serve to: paul@bencrump.com
aaron@bencrump.com
cevens@mccathernlaw.com
sbergren@mccathernlaw.com

Paul A. Grinke
Texas Bar No. 24032255
Aaron Dekle
Texas Bar No. 24100961
**Ben Crump Law, PLLC**
5 Cowboys Way, Suite 300
Frisco, Texas 75034

And

Carl Evans
Texas Bar No. 24056989
Stephen M. Bergen
Texas Bar No. 24134428
**McCathern, PLLC**
3710 Rawlins St., Suite 1600
Dallas, Texas 75219

*/s/ Christy L. Martin*
CHRISTY L. MARTIN