**Case No. 25-20492**

_____

**UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

Harriet Payne; Charles Payne, Jr.; Cavin Payne; Stephanie Payne; Betty Morrison;
Kizz Goins; Katania Dearborne; Robert Payne,

*Plaintiffs – Appellees*

v.

City of Houston, Texas
*Defendant-Appellant*

_____

On Appeal from the United States District Court
for the Southern District of Texas, Houston Division
No. 4:23-CV-4686

_____

**BRIEF OF APPELLEES**

_____

Paul A. Grinke (SBN 24032255)          Carl L. Evans, Jr. (SBN 24056989)
Aaron Dekle (SBN 24100951)             James E. Sherry* (SBN 24086340)
Ben Crump Law, PLLC                    Sarah E. Courtney (SBN 24142805)
5 Cowboys Way, Suite 300               McCathern Shokouhi & Evans PLLC
Frisco, Texas 75034                    3710 Rawlins St., Ste 1600
(972) 942-0494                         Dallas, Texas 75219
paul@bencrump.com                      (214) 741-2662
aaron@bencrump.com                     cevans@mccathernlaw.com
                                       jsherry@mccathernlaw.com
                                       scourtney@mccathernlaw.com
                                       * *Lead counsel on appeal*

*Counsel for Appellee*

## CERTIFICATE OF INTERESTED PERSONS

Undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Fifth Circuit Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this court may evaluate possible disqualification or recusal.

1. Appellees Harriet Payne, Charles Payne, Jr., Cavin Payne, Stephanie Payne, Betty Morrison, Kizz Goins, Katania Dearborne, and Robert Payne.

2. Appellees' counsel Paul A. Grinke, Aaron Dekle, Ben Crump Law, PLLC, Carl L. Evans, Jr., James E. Sherry, Sarah E. Courtney, and McCathern Shokouhi & Evans, PLLC.

3. Appellant City of Houston, Texas.

4. Appellant's counsel Christy L. Martin and Melissa Azadeh, City of Houston Legal Department.

Dated: February 24, 2026

*/s/ James E. Sherry*
James E. Sherry
*Counsel for Appellee*

## STATEMENT REGARDING ORAL ARGUMENT

Appellee does not believe the Court's decisional process would be significantly aided by oral argument in this case.

# TABLE OF CONTENTS

**CERTIFICATE OF INTERESTED PERSONS**.....................................................ii

**STATEMENT REGARDING ORAL ARGUMENT**.........................................iii

**TABLE OF AUTHORITIES** ...........................................................................v

**JURISDICTIONAL STATEMENT**...................................................................2

**STATEMENT OF ISSUES** ..............................................................................4

**STATEMENT OF THE CASE**.........................................................................5

    A.    Case Background and this Court's Prior Opinion ........................................5

    B.    The Summary Judgment Motion and Record ..............................................6

        1.    The Collision and Officer Cabrera's Conduct ...........................................7

        2.    Evidence Concerning Charles Payne's Conduct and Medical Condition ...9

        3.    Houston's Summary Judgment Motion .....................................................10

        4.    Appellees' Summary Judgment Response and Evidence ..........................11

        5.    The Trial Court's Ruling ...........................................................................12

    C.    Trial and Judgment on Plaintiffs' Constitutional Claim............................12

**SUMMARY OF THE ARGUMENT** ...............................................................14

**ARGUMENT**...................................................................................................16

    A.    Legal Standard and Standard of Review....................................................16

    B.    Appellees Raised a Fact Issue on the Elements of Duty and Causation.....16

    C.    The TTCA's Election of Remedies Provision Does Not Bar Appellees' Claim ...........................................................................................................23

    D.    The Summary Judgment Record Establishes that the TTCA's 911 Exception Does Not Bar Liability..............................................................26

**CONCLUSION** ...............................................................................................31

**CERTIFICATE OF SERVICE** ......................................................................32

**CERTIFICATE OF COMPLIANCE** .............................................................33

# TABLE OF AUTHORITIES

## CASES

*Benningfield v. City of Houston*, 157 F.3d 369 (1998).............................................16

*Biggers v. Cont'l Bus Sys., Inc.*, 303 S.W.2d 359 (1957).......................................23

*City of Austin, Tex. v. Chaudhary*, No. 03-05-00549-CV, 2006 WL 1649312 (Tex. App. – Austin June 16, 2016, no pet.) ....................................................................29

*Dickinson v. Auto Ctr. Mfg. Co.*, 733 F.2d 1092 (5th Cir. 1983) ...........................27

*Douglas v. Aguilar*, 599 S.W.3d 105 (Tex. App. – Houston [14th Dist.] 2020, no pet.) ......................................................................................................................18

*Foley v. Univ. of Houston Hosp. Sys.*, 355 F.3d 333 (5th Cir. 2003) .......................3

*Fontenot v. Upjohn Co.*, 780 F.2d 1190 (5th Cir. 1986) .........................................23

*Gobert v. Caldwell*, 463 F.3d 339 (5th Cir. 2006).....................................................3

*Greater Houston Transp. Co. v. Phillips*, 801 S.W.2d 523 (Tex. 1990).......... 17, 18

*Hokr v. Burgett*, 489 S.W.2d 928 (Tex. Civ. App. – Fort Worth 1973).................18

*Indem. Ins. Co. v. City of Garland, Tex.*, 258 S.W.3d 262 (Tex. App. –   Dallas 2008, no pet.) ....................................................................................................24

*Lear Siegler, Inc. v. Perez*, 819 S.W.2d 470 (Tex. 1991).......................................22

*Lindsey v. Sears Roebuck & Co.*, 16 F.3d 616 (5th Cir. 1994)................................16

*Little v. Liquid Air Corp.*, 37 F.3d 1069 (5th Cir. 1994) ........................................16

*Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653 (Tex. 2008)............26

*Morgan v. Plano Indep. Sch. Dist.*, 724 F.3d 579 (5th Cir.) ................................2, 5

*Murray v. Earle*, No. 06-50568, 2008 WL 1744257 (5th Cir. Apr. 11, 2008)..........3

*NCDR, LLC v. Mauze & Bagby, PLLC*, 745 F.3d 742 (5th Cir. 2014) .....................2

*Payne v. City of Houston, Tex.*, No. 24-20150, 2025 WL 999085 (5th Cir. 2025) ................................................................ *passim*

*Rhodes v. City of Arlington*, 215 Fed. Appx. 329 (5th Cir. 2007).........................2, 5

*Soc. Of Separationists, Inc. v. Herman*, 939 F.2d 1207 (5th Cir. 1991).................27

*Univ. of Tex. Health Sci. Ctr. at Houston v. Rios*, 542 S.W.3d 530 (Tex. 2017)....26

*Watz v. Zapata Off-Shore Co.*, 431 F.2d 100 (5th Cir. 1970)................................22

*Werner Enterprises, Inc. v. Blake*, 719 S.W.3d 525 (Tex. 2025)..................... 11, 21

## STATUTES

28 U.S.C. § 1291 ......................................................................................................2

Tex. Civ. Prac. & Rem. Code § 51.014(a)(8) ...........................................................2

Tex. Civ. Prac. & Rem. Code § 101.062(b)..............................................................26

Tex. Civ. Prac. & Rem. Code § 101.101 ..................................................................25

Tex. Civ. Prac. & Rem. Code § 101.106(d).......................................... 15, 24, 25, 26

Tex. Civ. Prac. & Rem. Code § 33.001 ....................................................23

Tex. Transp. Code §  101.062(b) ............................................................30

Tex. Transp. Code § 545.152..................................................................21

Tex. Transp. Code § 545.401..................................................................19

Tex. Transp. Code § 546.005..................................................................30

# JURISDICTIONAL STATEMENT

This is an interlocutory appeal from the Trial Court's denial of Appellant's motion for summary judgment on Appellees' state law tort claims under the Texas Tort Claims Act ("TTCA").[1]

Appellant cites section 51.014(a)(8) of the Texas Civil Practice and Remedies Code as a basis for jurisdiction over this interlocutory appeal, but that state statute does not confer appellate jurisdiction on this federal court. *Cf.* 28 U.S.C. § 1291.

Appellant also asserts that the Trial Court's denial of summary judgment is a reviewable collateral order under *Rhodes v. City of Arlington*, 215 Fed. Appx. 329 (5th Cir. 2007). *Rhodes* addressed the appealability of an order denying a motion to dismiss, but this Court has also applied the collateral order doctrine to permit interlocutory appeals from denials of summary judgment motions asserting governmental immunity. *See Morgan v. Plano Indep. Sch. Dist.*, 724 F.3d 579, 582 (5th Cir.).

However, this Court's appellate jurisdiction over collateral orders is "limited." *NCDR, LLC v. Mauze & Bagby, PLLC*, 745 F.3d 742, 747 (5th Cir. 2014). In particular, a collateral order is immediately appealable only to the extent it turns on

---

[1] Following the summary judgment ruling at issue on this appeal, Appellees proceeded to trial on their federal constitutional claim, and won. Appellant has separately appealed the Trial Court's judgment (not yet entered) on the jury's verdict. *See Payne v. City of Houston, Tex.*, No. 26-20052 (5th Cir., filed Feb. 3, 2026).

a decisive "issue of law." *See*, *e.g.*, *Gobert v. Caldwell*, 463 F.3d 339, 344 (5th Cir. 2006). This Court's limited jurisdiction over collateral orders is restricted to the lower court's legal conclusions and does not extend to disputed questions of fact or the lower court's factual findings. *See Murray v. Earle*, No. 06-50568, 2008 WL 1744257, at *5 (5th Cir. Apr. 11, 2008) (citing *Foley v. Univ. of Houston Hosp. Sys.*, 355 F.3d 333, 337 (5th Cir. 2003)).

## STATEMENT OF ISSUES

1. Whether Appellees presented sufficient summary judgment evidence that Officer Cabrera breached a duty that caused Appellees' injuries.

2. Whether the TTCA's election of remedies provision bars Appellees' suit against Houston.

3. Whether Appellees presented sufficient summary judgment evidence to negate the "911 Exception" to the TTCA's immunity waiver?

## STATEMENT OF THE CASE

### A.    Case Background and this Court's Prior Opinion

This case arises out of a fatal motor vehicle accident. Houston City Police Office Christopher Cabrera negligently caused the death of Charles Payne, Sr. by driving twice the posted speed limit – not less than 70 m.p.h. in a 35 m.p.h. zone – during the course and scope of his employment by Appellant City of Houston. (ROA.1849–50, 1852, 1951–52). At the time of the collision, Officer Cabrera was not engaged in pursuit, was not responding to a 911 call or other emergency, and did not have his lights or siren on. (ROA.1842, 1846–48). As a direct and foreseeable consequence of Officer Cabrera's reckless speeding, his cruiser collided with Mr. Payne's vehicle while Mr. Payne was making a lawful left turn. (ROA.2230, 2234–35). Mr. Payne died as a result of the collision, (ROA.2154-55, 2161-52, 2169-72, 2178), and his family filed suit, stating a negligence claim under the Texas Tort Claims Act ("TTCA") and a federal constitutional claim under 42 U.S.C. § 1983.

One apparent consequence of this Court's collateral order jurisprudence is that government defendants like Houston are allowed to take serial interlocutory appeals in the same case. *See Rhodes*, 215 Fed. Appx. 329 (permitting interlocutory appeal from denial of motion to dismiss); *Morgan*, 724 F.3d at 582 (permitting interlocutory appeal from denial of motion for summary judgment). That is what Appellant has done here. Houston earlier appealed the Trial Court's denial of its Rule 12(b)(6)

motion to dismiss, and lost. *See Payne v. City of Houston, Tex.*, No. 24-20150, 2025 WL 999085 (5th Cir. 2025). It now appeals the Trial Court's denial of its summary judgment motion on largely the same grounds, albeit in a different procedural posture. (ROA.2743, 2747–49). Appellant is also taking a *third* appeal from the Trial Court's final judgment (not yet entered) on the jury's verdict on Appellees' federal constitutional claim. *See Payne v. City of Houston, Tex.*, No. 26-20052 (5th Cir., filed Feb. 3, 2026).

As now, Appellant earlier argued: (1) that Appellees cannot establish the element of causation; and (2) the "911 exception" to the TTCA's waiver of sovereign immunity applies. This Court rejected those arguments at the pleadings stage, finding that Appellees sufficiently alleged that Officer Cabrera's reckless driving proximately caused their injuries and that Officer Cabrera was not "responding" to a 911 call when he caused the accident that killed Harold Payne, Sr. *See Payne*, 2025 WL 999085 at **6-9. Appellant now challenges the summary judgment record on the same issues. As explained below, Appellees easily carried their summary judgment burden, and the Trial Court's order should be affirmed.

**B.    <u>The Summary Judgment Motion and Record</u>**

The Trial Court's denial of Appellant's summary judgment motion was based on a developed summary-judgment record that included deposition testimony, expert opinions, accident reconstruction evidence, vehicle-data information, as well

as evidence concerning Officer Cabrera's conduct at the time of the collision. (ROA.1804, 1826–2710, 1113–1396). That evidence showed:

### 1.    The Collision and Officer Cabrera's Conduct

On the morning of December 26, 2021, Officer Cabrera, in the course and scope of his employment with the City of Houston, was driving his patrol car northbound on North Shepherd Drive – a heavily-trafficked six-lane city street with a posted speed limit of thirty-five miles per hour. (ROA.1849–50, 1852, 1951–52). Although Officer Cabrera was *not* then responding to an emergency situation or 911 call, (ROA.1119, 1846-48), he was driving seventy miles per hour – double the posted speed limit, (ROA.1852). His emergency lights and siren were not turned on. (ROA.1842).

Meanwhile, Charles Payne, Sr. was driving southbound on North Shepherd Drive intending to turn left onto Thornton Road. (ROA.2230). North Shepherd Drive has left turn lanes at the intersection with Thornton Road, and Mr. Payne entered the turn lane and slowed as he approached the intersection to begin his turn. (ROA.2230, 2234-35). The turn lane was situated directly across from the turn lane for oncoming traffic, and when Mr. Payne turned, any traffic traveling at the speed limit would have been visible in all three of the northbound traffic lanes. (ROA.2230, 2234-35). As Appellees' expert accident reconstructionist opined, Mr. Payne "turned at a time

when he could see far enough to manage conflicting traffic which approached near the speed limit." (ROA.2234).

But Officer Cabrera wasn't traveling near the posted speed limit, and his reckless speeding had an entirely foreseeable consequence: he T-boned a driver making a lawful left turn who was unable to see or anticipate a vehicle approaching at twice the speed limit. (ROA.2234). Vehicle-data and expert testimony submitted by Plaintiffs showed that immediately before the collision, Officer Cabrera took evasive action by braking and swerving right before impact. (ROA.2235). Plaintiffs' accident-reconstruction expert explained how Officer Cabrera's speed and reaction to the crash materially affected the timing and geometry of the vehicles' paths. (ROA.2234–35, 2107, 2110, 2111, 2112). The expert concluded that Officer Cabrera's speed was a substantial factor in causing the collision and a "but for" cause of the collision. (ROA.2235). According to the expert, had Officer Cabrera "been traveling at the speed limit when Mr. Payne started to turn, this crash would not have occurred." (ROA.2235).

The record also included evidence that Officer Cabrera was looking at the laptop in his car shortly before impact, rather than maintaining full attention on the roadway. (ROA.1908). Statements that Officer Cabrera made on his body-worn camera, and referenced in expert reports submitted with the summary judgment evidence, indicate that this distraction *did* contribute to the collision, as Officer

Cabrera indicated that he looked down to his tablet for a moment, looked up, saw a car coming "from nowhere," and "boom." (ROA.1980).

### 2. Evidence Concerning Charles Payne's Conduct and Medical Condition

As on this appeal, Houston's motion for summary judgment relied heavily on evidence concerning Charles Payne's actions immediately prior to the collision and his medical condition. (ROA.1099–1100, 1109). The summary judgment record includes evidence that Mr. Payne initiated a left turn shortly before the collision. (ROA.2234–35). The City also included a one-page affidavit from its medical and causation expert to provide evidence indicating that Mr. Payne was experiencing a cardiac event, had elevated blood-sugar levels, and had THC present in his system at the time of the crash. (ROA.1122). Houston's theory of causation, it seems, is that these medical factors conspired to make Mr. Payne turn left onto Thornton Road.

While Appellees did not dispute that Houston's evidence was *relevant* to the jury's ultimate assessment of causation, they presented sufficient contradictory evidence to carry their summary judgment burden and proceed to trial. Most importantly, Appellees presented expert testimony from their accident reconstructionist that Officer Cabrera's excessive speed was the critical factor in causing the collision. As the expert testified: "[T]here's not a 35 mile-per-hour car that would have hit [Charles Payne]."). (ROA.2107, 2234-35).

### 3. Houston's Summary Judgment Motion

Houston moved for summary judgment on Plaintiffs' TTCA claim on three principal grounds. (ROA.1106–10). First, it argued that Officer Cabrera breached no duty that proximately caused the collision and that Charles Payne's "sudden" and "unexpected" left turn was the sole proximate cause of the collision. (ROA.1107–09). Houston also argued contended that even if Officer Cabrera's speed contributed to the crash, it was not the proximate cause because Officer Cabrera's presence on the road "was a mere happenstance of place and time." (ROA.1109).

Second, Houston asserted that Plaintiffs' TTCA claims were barred by the election-of-remedies provision in Texas Civil Practice and Remedies Code section 101.106(d) based on a prior agreed order of dismissal of claims that Officer Cabrera brought against the Estate of Charles Payne, Sr. in a separate proceeding. (ROA.1393, 1109–10). The City argued that because the Payne family's claims in this case are derivative of Charles Payne Sr.'s, their suit against the City is barred by Officer Cabrera's voluntary dismissal of his own claims against the Charles Payne, Sr. estate in a separate case. (ROA.1110).

Finaly, Houston argued that governmental immunity was retained under the TTCA's 911 exception because at the time of the collision, Officer Cabrera was still assigned to acall that originated from the 911 system earlier that day. (ROA.1393, 1110–11). The City further contended that Officer Cabrera violated no applicable

law because Transportation Code exempts law-enforcement officers from speed limits during routine patrol as well as in response to an emergency. (ROA.1111).

### 4.     Appellees' Summary Judgment Response and Evidence

In response, Appellees submitted evidence demonstrating genuine issues of material fact as to proximate cause and the applicability of the 911 immunity exception. (ROA.1964–81, 2103–12, 2114–38). Appellees evidence and arguments demonstrated that, unlike the defendant in *Werner*, Officer Cabrera was traveling at double the speed limit and his excessive speed directly placed his vehicle in Charles Payne's path. (ROA.1819). Plaintiffs' expert evidence established that Officer Cabrera's conduct was not merely a "happenstance of place and time," but an independent, substantial, and but-for cause of the collision. (ROA.2107, 2235).

As to the 911 exception, Appellees' evidence showed that Officer Cabrera was not actively responding to an emergency at the time of the collision and that his conduct, traveling at seventy miles per hour without lights or sirens while looking at a laptop, violated applicable law requiring due regard for public safety. (ROA.2129–35, 2136–37, 2235). Contrary to Houston's repeated arguments that officers are entirely exempt from posted speed limits, even exempt vehicles must operate with due regard for safety. (ROA.1813).

For all these reasons, the summary-judgment record clearly established the TTCA's motor-vehicle waiver and, at minimum, raised fact issues as to whether any statutory exception bars suit. (ROA.2129–35, 2136–37, 2235,1813, 1819).

### 5.     The Trial Court's Ruling

After considering the parties' briefing, the arguments and competing evidence, the Trial Court denied the City's motion for summary judgment. (ROA.2743). In doing so, the Trial Court necessarily determined that the record raised genuine issues of material fact concerning proximate cause, statutory violations, and the applicability of the City's asserted immunity defenses, precluding summary judgment and requiring resolution of those issues at trial.

## C.     <u>Trial and Judgment on Plaintiffs' Constitutional Claim</u>

Trial of Appellees' TTCA claim was stayed pending this appeal, but Appellees proceeded to a jury trial on their federal constitutional claims against Houston under 42 U.S.C. § 1983. (ROA.5627). Following five days of testimony and argument and four days of deliberation (ROA.5627, 5631, 5704, 5751, 5754, 5759, 5760, 5762), the jury returned a verdict in Appellees' favor on both municipal-liability theories submitted. (ROA.5773). The jury found, by a preponderance of the evidence, that Houston was deliberately indifferent in maintaining an unconstitutional policy, practice, or custom that was the moving force behind Charles Payne's death and the violation of his constitutional rights. (ROA.5773).

The jury further found that Houston was deliberately indifferent in adopting an inadequate training or supervision policy or procedure that likewise constituted the moving force behind Charles Payne's death and the violation of his constitutional rights. (ROA.5773).

## SUMMARY OF THE ARGUMENT

The Trial Court correctly denied Houston's motion for summary judgment because the summary judgment record raises genuine issues of material fact concerning Officer Cabrera's negligence and the applicability of the City's asserted immunity defenses.

Appellees presented substantial evidence that Officer Cabrera breached multiple duties imposed by Texas law by driving seventy miles per hour in a thirty-five mile per hour zone, without lights or siren, while not responding to an emergency, and while diverting his attention from the roadway. Appellees also presented expert testimony establishing that Officer Cabrera's excessive speed was a substantial factor in the collision and that the crash would not have occurred had he been traveling at a lawful speed. At a minimum, this evidence creates triable fact issues on duty and causation that preclude summary judgment.

The City's argument that Charles Payne Sr.'s conduct was the sole proximate cause of the collision ignores directly contradictory summary judgment evidence and improperly attempts to convert a proportionate responsibility affirmative defense into an element of Appellees' case-in-chief. Texas law does not require Appellees to prove that Officer Cabrera's negligence was the sole cause of the collision, and the City failed to establish beyond peradventure a proportionate responsibility defense that would preclude recovery.

The City's reliance on the Texas Tort Claims Act's election-of-remedies provision is likewise misplaced. Section 101.106(d) bars suit against a governmental unit only when a party has obtained a "judgment against" a government employee. The record contains no such judgment. The agreed dismissal of claims that Officer Cabrera brought against Charles Payne's estate is not a "judgement against" Officer Cabrera, and even if it were none of the parties to this case were parties to the prior case in which that "judgment" was obtained. The City's contrary interpretation finds no support in the statutory text or Texas precedent.

Finally, the TTCA's 911 exception does not reinstate immunity. This Court, on the basis of an indistinguishable factual predicate, already determined that Officer Cabrera was not "responding" to a 911 call at the time of the collision but was instead "returning" to his station to complete paperwork after the underlying call had concluded. The summary-judgment record confirms the same facts that supported this Court's earlier holding, which controls both as law of the case and binding panel precedent interpreting the TTCA. Moreover, Appellees presented evidence that Officer Cabrera drove with reckless disregard for public safety, independently precluding application of the exception.

For all of these reasons, the Trial Court's order denying Houston's summary judgment motion should be affirmed and the case remanded for trial on Appellees' TTCA claim.

# ARGUMENT

## A. Legal Standard and Standard of Review

"When seeking summary judgment, the movant bears the initial responsibility of demonstrating the absence of an issue of material fact with respect to those issues on which the movant bears the burden of proof at trial." *Lindsey v. Sears Roebuck & Co.*, 16 F.3d 616, 617 (5th Cir. 1994). "However, where the non-movant bears the burden of proof at trial, the movant may merely point to an absence of evidence, thus shifting to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial." *Id.* "[W]here both parties have submitted evidence of contradictory facts," factual controversies must be resolved "in favor of the nonmoving party." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). The standard of review for denial of a motion for summary judgment is de novo. *See Benningfield v. City of Houston*, 157 F.3d 369, 274 (1998).

## B. Appellees Raised a Fact Issue on the Elements of Duty and Causation

Houston first argues that Appellees failed to produce any summary judgment evidence of the necessary elements of duty and causation. Throughout this section of its Brief, Appellant focuses exclusively on its own evidence and contentions, ignoring Appellees' contradictory evidence and stretching the meaning of the words "uncontested" and "unrefuted" beyond recognition. Appellant's argument also

depends throughout on its circular characterization of Mr. Payne's left turn as "sudden" and "unexpected" – erasing Officer Cabrera's grossly excessive speed from the equation and ignoring the fact that the turn would not have been either "sudden" or "unexpected" if Officer Cabrera had not been traveling 70 miles per hour in a 35 mile per hour zone. Appellees presented ample summary judgment evidence of both duty and causation, and the Trial Court was right to deny Houston's motion for summary judgment.

### 1. Appellees Presented Sufficient Evidence that Officer Cabrera breached a duty.

Under Texas tort law, "the existence of a duty is a question of law for the court to decide form the facts surrounding the occurrence in question." *Greater Houston Transp. Co. v. Phillips*, 801 S.W.2d 523, 525 (Tex. 1990). The court determines the existence of a legal duty by weighing "the risk, foreseeability, and likelihood of injury" against "the social utility of the actor's conduct, the magnitude of the burden of guarding against the injury, and the consequences of placing the burden on the defendant." *Id.* Texas law clearly establishes a number of duties applicable to drivers and that a reasonable jury could conclude were breached in this case, including:

- The duty to keep a proper lookout. "Under Texas law, all persons have the duty to maintain a proper lookout and to observe in a careful manner the traffic and general situation at and in the vicinity of an intersection." *Douglas v. Aguilar*,

599 S.W.3d 105, 108 (Tex. App. – Houston [14th Dist.] 2020, no pet.). In this case, Appellees presented summary judgment evidence that Officer Cabrera – while driving double the posted speed limit and approaching an intersection on a dangerous city street – looked away from the road immediately before the collision. (ROA.1908). Given the uncontested "facts surrounding the occurrence in question," *Phillips*, 801 S.W.2d at 525, the Trial Court correctly denied Houston's motion for summary judgment on this basis.

• <u>Duty to control speed</u>. Every driver in Texas "is under a duty to drive no faster than a person of ordinary prudence under the same or similar circumstances." *Hokr v. Burgett*, 489 S.W.2d 928, 930 (Tex. Civ. App. – Fort Worth 1973). Importantly, a driver may violate this duty even when driving *under* the posted speed limit. *See id.* This well-established common law duty is also codified in Section 545.351 of the Texas Transportation Code, which provides that an operator: "(1) may not drive a vehicle at a speed greater than is reasonable and prudent under the conditions and having regard for actual and potential hazards then existing," and (2) shall "drive at an appropriate reduced speed if … approaching and crossing an intersection …." Tex. Transp. Code. § 545.351(b) & (c). These duties applied equally to Officer Cabrera as they do to other drivers and are not excused by

the fact that Charles Payne made a lawful left turn in front of traffic that was, unbeknownst to him, driving twice the posted speed limit.[2]

- Duty to refrain from reckless driving. Like all drivers, Officer Cabrera had a duty not to drive "in willful or wanton disregard for the safety of persons or property." Tex. Transp. Code § 545.401. Appellees presented uncontradicted summary judgment evidence that Officer Cabrera drove 70 miles per hour in a 35 mile per hour zone on a known dangerous city street for no good reason. (ROA.1119, 1849-50, 1852, 1951-52). In response, Houston points to the subjective "belief" of Cabrera and his Captain that Cabrera's driving was reasonable. (App. Br. at 22-23). A reasonable jury obviously could conclude from that record that Officer Cabrera violated his duty to avoid reckless driving under these circumstances. Indeed, this Court already concluded that "driving 70 MPH in a 35 MPH zone solely for the reason of return to the office to complete a report and file charges is irresponsibly fast" and that "Officer Cabrera was driving at a reckless speed." *Payne*, 2025 WL 999085, at **8-9. The allegations on which the Court relied in reaching that

---

[2] Houston bizarrely argues that Officer Cabrera's duty to maintain a reasonable speed "is inapplicable" in this case because Appellees' policies and procedures expert agreed in deposition that Mr. Payne's turn was "unlawful." App. Br. at 22 (citing ROA.1666). But the expert's legally conclusory testimony is not dispositive of the lawfulness of Mr. Payne's turn or Officer Cabrera's duty not to drive with excessive speed. Houston's argument also conflates the elements of duty and causation. Officer Cabrera, like all drivers, had a duty to maintain a prudent speed as a matter of law. Whether his failure to do so caused the collision is a separate inquiry addressed below.

conclusion at the dismissal stage were all supported by evidence at the summary judgment stage, including Officer Cabrera's speed, the fact that he was not then responding to an emergency situation, and the fact that he did not use his lights or siren. (ROA.1119, 1849-50, 1842, 1852, 1951-52).

## 2. Appellees Presented Sufficient Evidence of Causation.

Houston also contends that its motion for summary judgment "established that Charles Payne's conduct was the only proximate cause of the collision." (App. Br. at 23). But Houston's motion and argument simply ignore the squarely contradictory evidence that Appellees presented on this subject, most saliently the testimony of their expert accident reconstructionist, who directly and unambiguously opined that the accident would not have happened but for Officer Cabrera's excessive speed. (ROA.2107, 2235). That testimony – in combination with the uncontested evidence of Officer Cabrera's speeding and inattention – is more than sufficient to create a jury-triable fact question on the element of causation.

The argument in this section of Houston's brief is almost entirely circular – subtracting Officer Cabrera's reckless speeding from the circumstances of the accident in order to conclude that Mr. Payne's turn was "unlawful." To be clear: the only supposedly "unlawful" thing about Mr. Payne's turn was his failure to yield to oncoming traffic. Apart from the failure to yield, there was nothing even arguably "unlawful" about the turn – it was a legal left turn from a dedicated left turn lane

with no traffic light. (ROA.2230, 2234-35). Whether Mr. Payne's failure to yield was "unlawful" cannot be assessed without considering Officer Cabrera's grossly excessive and unexpected speed. The Transportation Code requires a driver turning left to yield the right-of-way to a vehicle that is approaching from the opposite direction "in such proximity as to be an immediate hazard." Tex. Transp. Code § 545.152. Whether a vehicle's proximity poses an immediate hazard obviously depends on the approaching vehicle's speed – a critical factor that Houston preposterously declares "has no causal nexus to this accident." (App. Br. at 25). To the contrary, as Appellees' accident reconstructionist specifically opined, Mr. Payne would have been able to see and negotiate oncoming traffic traveling at the speed limit. (ROA.2230, 2234-35). Mr. Payne's inability to perceive the hazard posed by Officer Cabrera's vehicle – and thus his "failure to yield" – were themselves *effects* of Officer Cabrera's excessive speed.

Houston compares this case to *Werner Enterprises, Inc. v. Blake*, 719 S.W.3d 525 (Tex. 2025), which it characterizes as having "squarely analogous facts." In *Werner*, the defendant driver was driving "below the speed limit" on a divided highway, though still unsafely for the icy conditions prevailing at the time. *Id.* at 528. The plaintiff driver was driving too fast in the opposite direction and "suddenly lost control, hurtled across a 42-foot-wide median, and collided with the defendant's 18-wheeler." *Id.* "That singular and robustly explanatory fact fully explain[ed] why

the accident happened and who [wa]s responsible for the resulting injuries." *Id.* The circumstances here are entirely different. Mr. Payne did not "lose control" or "hurtle" into oncoming traffic; he made a lawful left turn not knowing that oncoming traffic was illegally driving twice the posted speed limit. (ROA.2230, 2234-35). And Officer Cabrera's speeding did not merely "furnish the condition" that made the collision possible; Appellees' expert witness testified that the accident would not have occurred at all if Officer Cabrera had been driving the legal speed limit. (ROA.2230, 2234-35). In this case, Officer Cabrera's reckless speeding is the "singular and robustly explanatory fact" that explains why this accident occurred, and imputing proximate causation to Officer Cabrera's actions is entirely consistent with the "'idea of responsibility'" embodied in the "substantial factor" requirement. *Id.* (quoting *Lear Siegler, Inc. v. Perez*, 819 S.W.2d 470, 472 (Tex. 1991)).

Houston's argument is really an attempt to turn the affirmative defense of proportionate responsibility into an element of Appellees' case-in-chief burden on summary judgment. But Appellees are not required to prove that Officer Cabrera's negligence was the *sole* proximate cause of their injuries. *See Watz v. Zapata Off-Shore Co.*, 431 F.2d 100, 117 (5th Cir. 1970) ("[I]f negligent and excessive speed [of the defendant] proximately contributed to cause the collision it is immaterial to [its] liability that the negligence of [the plaintiff] also contributed thereto.") (citing *Biggers v. Cont'l Bus Sys., Inc.*, 303 S.W.2d 359, 367 (1957)). Texas's proportionate

responsibility statute would not bar Appellees' recovery unless Houston established that Mr. Payne was more than 50% responsible for the collision. *See* Tex. Civ. Prac. & Rem. Code § 33.001. And proportionate responsibility is an affirmative defense on which Houston would bear the burden of proof at trial. *See Hudson v. City of Houston, Tex.*, No., 14-03-00565-CV, 2005 WL 3995160, at * (Tex. App. – Houston [14th Dist.] 2005, no pet.) ("Proportionate responsibility is an affirmative defense."). At the summary judgment stage, Houston must therefore "establish beyond peradventure all of the essential elements of the defense to warrant judgment in [its] favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190 (5th Cir. 1986). It has not even attempted to do so, instead mischaracterizing the issue as one on which Appellees bear the burden.

## C. The TTCA's Election of Remedies Provision Does Not Bar Appellees' Claim

Relying on an "Agreed Order of Dismissal" entered in a separate state court lawsuit that Officer Cabrera brought *against* the estate of Charles Payne, Sr., (ROA.1392), Appellant argues that Section 101.106(d) of the TTCA bars Appellees' tort claims against the City of Houston in this case. That section states:

> A judgment against an employee of a governmental unit shall immediately and forever bar the party obtaining the judgment from any suit against or recovery from the governmental unit.

Tex. Civ. Prac. & Rem. Code § 101.106(d). Houston's argument is wrong for several reasons.

*First*, the plain language of the statute requires that a party obtain a "judgment against" a government employee before that party is barred from suit against the governmental unit. *Id.* Appellant did not present the Trial Court with evidence of a "judgment against" Officer Cabrera. Instead, it attached an "Agreed Order of Dismissal with Prejudice" of claims that that Officer Cabrera brought against the estate of Charles Payne, Sr. in a separate case. (ROA.1393). That order states that "all claims of Plaintiff [Cabrera] against Defendant [estate of Charles Payne, Sr.] are dismissed with prejudice to refiling," noting that the parties reached a settlement. (ROA.1393). But a government employee's voluntary dismissal of his own claims following settlement is neither a "judgment" nor is it "against" the employee who chose to dismiss his claims. *Cf. Indem. Ins. Co. v. City of Garland, Tex.*, 258 S.W.3d 262, 269 (Tex. App. – Dallas 2008, no pet.) (order dismissing claims against government employee is not a "judgment against" employee within meaning of TTCA). Section 101.106(d) is plainly inapplicable in these circumstances, and Appellant cites no precedent for its tortured construction.[3] Indeed, if Appellant's

---

[3] The Court can and should reject Houston's argument by reference to the record and summary judgment evidence alone. But to the extent it is interested, it is free to take judicial notice of the docket and pleadings in Officer Cabrera's suit against the Charles Payne, Sr. estate (Houston's own Brief links to certain documents available on that online docket). If the Court does so, it will note that the Payne estate did not plead any counterclaims in Officer Cabrera's suit, which is why the Agreed Order of Dismissal mentions only Officer Cabrera's claims against the estate.

construction of the provision were correct, then governmental units could insulate themselves from liability simply by having their employees file and then voluntarily dismiss claims against potential TTCA plaintiffs like the Charles Payne, Sr. estate. The opportunity for such abuse is especially glaring given the TTCA's pre-suit notice requirements. *See* Tex. Civ. Prac. & Rem. Code § 101.101.

*Second*, the statute only bars subsequent suits against a governmental unit "by the party obtaining the judgment" against the employee. Tex. Civ. Prac. & Rem. Code § 101.106(d). None of the Appellees were parties to Officer Cabrera's suit against the Charles Payne, Sr. estate, and the estate is not a party to this lawsuit. (ROA.1393). Accordingly, even if the Agreed Order of Dismissal could be construed as a "judgment against" Officer Cabrera (which it obviously is not), only the "the party obtaining the judgment" would be barred from subsequently suing the City. The estate of Charles Payne, Sr. is not a party to this case, and the Appellees have never obtained any kind of judgment against Officer Cabrera. As such, the Appellees claims would not be barred even if Houston's strained reading of the statute were correct.

*Finally*, Houston's argument contradicts the entire purpose of the TTCA's election of remedies provision. As Appellant lays out in its own brief, the Legislature enacted the election of remedies provision to prevent plaintiffs from circumventing the TTCA's damages cap and other requirements by suing government employees

individually. *See Univ. of Tex. Health Sci. Ctr. at Houston v. Rios*, 542 S.W.3d 530, 536 (Tex. 2017); *Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 657 (Tex. 2008). Those concerns are not implicated by the *reverse* situation presented here: a government employee suing a potential plaintiff and then voluntarily settling his own claims. Far from preventing abuse by potential plaintiffs, Houston's construction of the statute would invite mischief by potential defendants who would be able to file-and-dismiss claims with preclusive effect on would-be plaintiffs' rights.

Appellant's interpretation of Section 101.106(d) is plainly wrong, entirely without precedential support, and should be rejected.

## D.   The Summary Judgment Record Establishes that the TTCA's 911 Exception Does Not Bar Liability

At the dismissal stage, Houston argued that Appellees could not overcome two statutory exceptions to the TTCA's general waiver of immunity for negligently caused car accidents: the "emergency exception" set forth in Section 101.055(2) and the "911 exception" set forth in Section 101.062(b). *See Payne*, 2025 999085, at **3-4. This Court rejected those arguments, *see id.*, and Houston does not renew its challenge under the "emergency exception" on this appeal. Instead, its summary judgment motion and the instant appeal are limited to the 911 exception. (App. Br. at 33-35). But Houston's arguments are almost entirely foreclosed by this Court's prior opinion in the case, which remains both law of the case and a precedential

interpretation of the TTCA binding on subsequent panels of this Court. *See*, *e.g.*, *Dickinson v. Auto Ctr. Mfg. Co.*, 733 F.2d 1092, 1096 (5th Cir. 1983) (discussing law of the case doctrine); *Soc. Of Separationists, Inc. v. Herman*, 939 F.2d 1207, 1211 (5th Cir. 1991) ("In this circuit, one pane may not overrule the decision, right or wrong, of a prior panel in the absence of intervening contrary or superseding decision by the court en banc or the Supreme Court.").

The facts pertinent to Houston's argument are straightforward and were the same at the summary judgment stage as they were when this Court encountered them at the pleadings stage. At approximately 6:45 a.m. on the morning of the accident, Officer Cabrera was called to relieve another officer who had been dispatched to respond to a 911 call regarding a suspected drunk driver. (ROA.1119). By 7:13 a.m., Officer Cabrera had the drunk driving suspect in the back seat of his patrol car, and by 7:30 a.m. Officer Cabrera had brought the suspect to the Joint Processing Center. (ROA.1119). Officer Cabrera then remained at the JPC "for several hours" to complete booking the suspect. (ROA.1119). After the suspect was booked into the JPC, Officer Cabrera drove back to his station to complete the booking paperwork. (ROA.1119). It was while driving back to his station to fill out these papers – long after the subject of the 911 call had been resolved – when Officer Cabrera reached a speed of 70 miles per hour and killed Charles Payne, Sr. (ROA.1119-20).

The only question is whether, on these facts, Officer Cabrera was still "responding" to the original 911 call when he struck Charles Payne. And this Court has already answered that question: no. *See Payne*, 2025 WL 999085, at **6-7. Reviewing prior Texas cases and the dictionary definition of the word "responding," this Court held that Officer Cabrera was no longer "responding" to the original 911 call at the time of the collision. *Id.* As it does now, Houston previously argued that Officer Cabrera was still "assigned" to the 911 call at the time of the accident even if the "emergency" aspect of the call had been resolved. (App. Br. at 34). But this Court specifically considered and rejected that argument:

> Applying [the dictionary] definition, we conclude that Officer Cabrera was no longer responding to the emergency 9-1-1 call at the time of the collision. When Officer Cabrera was assisting in arresting the suspect, he was responding to the emergency DWI call. He was still acting in response to the underlying reason for being there. However, by the time he left the booking center to finish his report and file charges, his response to the emergency call had ended. At that point, there was a clear break in time, and a series of intervening events (the arrest, the booking, etc.), where Officer Cabrera was allowed to leave the suspect. Thus, when Officer Cabrera began driving back to his station to complete the report and file charges, he was "returning" from the emergency call, not "responding" to it.

*Id.* at *6. Although the issue previously arose in the context of the sufficiency of Appellees' allegations, and is now presented as matter of summary judgment proof, the factual predicate for the Court's holding is unchanged and the issue is identical to the one this Court already decided: Officer Cabrera was no longer "responding" to the initial 911 call at the time of the accident. *See also City of Austin, Tex. v.*

*Chaudhary*, No. 03-05-00549-CV, 2006 WL 1649312, at *1 (Tex. App. – Austin June 16, 2016, no pet.). That decision is binding now both as the law of this case and as a precedential panel decision of this Court binding on subsequent panels.

Houston does not point to any intervening Texas or federal authority that would require or justify modification of this Court's earlier holding. Instead, Houston argues that the statute bars not only claims for "responding" to 911 calls, but also claims "that involve[] … responding" to 911 calls, which it seems to think is a broader category. (App. Br. at 33). As a threshold matter, it is not clear that claims "that involve responding" to 911 calls are, actually, any different than claims for (or about, or concerning) 911 calls. The statute needs *some* preposition to connect the word "claim" to the word "responding," but Houston does not explain how the preposition broadens the meaning of "responding." More importantly, the language of the statute has not changed since this Court addressed the identical issue earlier in this case, *see Payne*, 2025 WL 999085, at **6-7, and Houston fails to explain why this Court's earlier opinion does not control as law of the case and as a binding panel interpretation of the 911 exception.

Finally, Appellees' summary judgment evidence showed that, even if Officer Cabrera was "responding" to a 911 call at the time of the collision, his driving was reckless and therefore not in compliance with applicable law. *See* Tex. Transp. Code § 101.062(b). As this Court explained when it addressed this issue previously,

although an emergency vehicle responding to a call may exceed a maximum speed limit as long as it does not endanger life or property, the driver of an emergency vehicle "is still not relieved from … the consequences of reckless disregard for the safety of others.'" *See Payne*, 2025 WL 999085, at *8 (quoting Tex. Transp. Code § 546.005). Once again, Houston offers no reason why this Court's prior analysis and holding do not control here as law of the case and binding panel precedent. As with the Court's analysis of the 911 exception, the factual predicate for the Court's conclusion that Officer Cabrera drove recklessly has not changed even though the procedural posture of the case is different. This Court previously concluded that Plaintiffs had adequately stated recklessness by alleging that Officer Cabrera drove 70 miles per hour in a 35 mile per hour zone for no better reason than to complete some required paperwork. Those facts are amply evidenced in the summary judgment record – indeed, they can all be sourced to Officer Cabrera's own affidavit. (ROA.1119). This Court's prior analysis of Officer Cabrera's recklessness on the same facts is thus law of the case and binding precedent.

## CONCLUSION

For all the foregoing reasons, this Court should affirm the Trial Court's order denying Appellant's motion for summary judgment and remand the case for trial on Appellees' TTCA claim.

Respectfully submitted,

*/s/ James E. Sherry*

| | |
|---|---|
| Paul A. Grinke (SBN 24032255) | Carl L. Evans, Jr. (SBN 24056989) |
| Aaron Dekle (SBN 24100951) | James E. Sherry (SBN 24086340) |
| Ben Crump Law, PLLC | Sarah E. Courtney (SBN 24142805) |
| 5 Cowboys Way, Suite 300 | McCathern Shokouhi & Evans PLLC |
| Frisco, Texas 75034 | 3710 Rawlins St., Ste 1600 |
| (972) 942-0494 | Dallas, Texas 75219 |
| paul@bencrump.com | (214) 741-2662 |
| aaron@bencrump.com | cevans@mccathernlaw.com |
| | jsherry@mccathernlaw.com |
| | scourtney@mccathernlaw.com |

## CERTIFICATE OF SERVICE

I certify that on February 24, 2026, the foregoing document was filed with this Court using the Court's e-filing system, which will cause notice of the filing to be mailed to counsel of record for all parties.

*/s/ James E. Sherry*
James E. Sherry

# CERTIFICATE OF COMPLIANCE

1.    This document complies with the type-volume limit of Fed. R. App. P. 32(a)(7)(B) because, excluding parts of the document exempted by Fed. R. App. P. 32(f) and 5th Cir. R. 32.1, this document contains 6,047 words.

2.    This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and 5th Cir. R. 32.1 and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word in Times New Roman 14-point font in text and Times New Roman 14-point font in footnotes.

*/s/ James E. Sherry*
James E. Sherry