**No. 25-20492**

---

**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

---

**HARRIET PAYNE; CHARLES PAYNE, JR.; CAVIN PAYNE; STEPHANIE PAYNE;
BETTY MORRISON; KIZZ GOINS; KATANIA DEARBORNE; ROBERT PAYNE,**

Plaintiffs - Appellees

v.

**CITY OF HOUSTON, TEXAS,**

Defendant - Appellant

---

**On Appeal from**
United States District Court for the Southern District of Texas

4:23-CV-4686

---

**REPLY BRIEF OF APPELLANT, CITY OF HOUSTON, TEXAS**

---

ARTURO G. MICHEL
City Attorney

Christy L. Martin
Chief, Torts/Civil Rights
Texas Bar No. 24041336
Federal Bar No. 754168
CITY OF HOUSTON LEGAL DEPARTMENT
900 Bagby Street, 4th Floor
Houston, Texas 77002
832.393.6438 (telephone)
832.393.6259 (facsimile)
christy.martin@houstontx.gov

*Attorneys for City of Houston, Texas*

## TABLE OF CONTENTS

Table of Contents ............................................................................................2

Index of Authorities ........................................................................................4

Argument and Authorities in Reply ................................................................8

   I.    Breach of Duty/Proximate Cause ...............................................9

      A.    Even if Payne had not abandoned her negligence theory of failure to keep a proper lookout, her own expert negated proximate cause. ..........................10

          1.    Payne abandoned her theory of failure to keep a proper lookout in the trial court and cannot resurrect it. ..............................................................10

          2.    Payne's own expert negated proximate cause...................................11

      B.    Payne's argument for the first time on appeal that Officer Cabrera breached a common-law duty to drive no faster than a reasonably prudent driver under the circumstances then existing is unsupported.....................................11

          1.    Payne adduced no evidence regarding how much a reasonably prudent driver would have slowed when approaching the intersection of Shepherd and Thornton. ..............................................................................16

          2.    Officer Cabrera had no duty to avoid colliding with Charles Payne because Charles Payne was not lawfully entering the intersection. ............16

      C.    Payne failed to adduce evidence that Officer Cabrera violated a duty to refrain from reckless driving.................................................................18

      D.    Payne failed to present evidence or authority to refute that Charles Payne was the sole proximate cause of the collision.................................................20

          1.    It is unrefuted that Payne breached his duty to yield while impaired and had an obstructed view.................................................................21

          2.    The Transportation Code imposed upon Charles Payne, Sr. a duty to yield to any vehicle that was in such proximity as to be an immediate hazard—irrespective of that vehicle's speed. ..............................................21

          3.    Payne retained the burden to negate that Charles Payne, Sr. was the sole proximate cause.................................................................................22

   II.    Election of Remedies ................................................................24

      A.    Payne's arguments cannot be considered because they were not presented to the district court. ............................................................................24

      B.    Even if the Court were to consider Payne's arguments for the first time on appeal, they have no merit. ...............................................................25

1.     The dismissal of Officer Cabrera's claims with prejudice was a "judgment against" him for purposes of Tex. Civ. Prac. & Rem. Code § 101.106(d). ..............................................................................................25

2.     Reading the election of remedies scheme in conjunction with the Wrongful Death Statute compels the conclusion that Payne's claims are barred. ..............................................................................................26

III.   9-1-1 Exception ............................................................................27

A.     Law of the case does not apply between pleadings stage and summary judgment stage. ..............................................................................28

B.     The prior opinion was unpublished and, therefore, non-precedential. ....29

C.     Intervening case law from the Texas Supreme Court in *City of Killeen v. Terry* rendered the prior opinion in applicable and clearly erroneous. ...........30

D.     Because every word must be given meaning, the 9-1-1 exception must be construed more broadly than the TTCA's emergency exception. ...................32

E.     Even if the Court could or should consider Payne's argument that Officer Cabrera was reckless, the evidence does not meet the threshold for recklessness under *Powell*. ..............................................................................34

Conclusion .........................................................................................36

Certificate of Service .........................................................................37

Certificate of Compliance ....................................................................38

# INDEX OF AUTHORITIES

**Cases**

*Am . Family Life Assur. Co.*, 714 F.3d.......................................................... 27, 33

*Am. Family Life Assur. Co. of Columbus v. Biles*,
714 F.3d 887 (5th Cir. 2013) ....................................................................7

*Arizona v. California*,
460 U.S. 605 (1983)...................................................................................27

*Boyett v. Redland Ins. Co.*,
741 F.3d 604 (5th Cir. 2014) ....................................................................7

*Cavazos v. Philippus*,
273 F.3d 1096 (5th Cir. 2001) (per curiam) (unpublished) .................10

*City of Austin v. Powell*,
704 S.W.3d 437 (Tex. 2024)................................................... 17, 18, 28

*City of Austin v. Sahyouni*,
No. 03-23-00416-CV, 2026 WL 247195 (Tex. App.—Austin Jan. 30, 2026, no pet. h.).................................................................................................18

*City of Houston v. Green*,
672 S.W.3d 27 (Tex. 2023).....................................................................17

*City of Killeen-Killeen Police Dep't v. Terry*,
712 S.W.3d 101 (Tex. 2025)............................................... 29, 30, 33

*City of San Antonio v. Maspero*, 640 S.W.3d 523 (Tex. 2022)...............................18

*Constance Joy II, LLC v. Stewart & Stevenson FDDA LLC*,
No. 4:20-CV-02967, 2024 WL 4008094 (S.D. Tex. Aug. 30, 2024).................28

*Escamilla v. Elliott*,
816 Fed. Appx. 919.................................................................................29

*Frakes v. Masden*,
    No. 4:14-CV-01753, 2015 WL 1637893 (S.D. Tex. Apr. 13, 2015)...................28

*Frakes v. Ott*,
    668 F.App'x 130 (5th Cir. 2016)..................................................................28

*Frank C. Bailey Enterprises, Inc. v. Cargill, Inc.*,
    582 F.2d 333 (5th Cir. 1978) ......................................................................7

*Franka v. Velasquez*,
    332 S.W.3d 367 (Tex. 2011)........................................................................25

*Hargrave v. Fibreboard Corp.*,
    710 F.2d 1154 (5th Cir. 1983) ....................................................................10

*Indem. Ins. Co. v. City of Garland, Tex.*,
    258 S.W.3d 262 (Tex. App.—Dallas 2008, no pet.) ............................................24

*Jarrett v. Shook*,
    No. 03-12-00038-CV, 2012 WL 4466473 (Tex. App.—Austin Sept. 27, 2012,
    no pet.)........................................................................................................17

*Lehmann v. Har-Con Corp.*,
    39 S.W.3d 191 (Tex. 2001)..........................................................................24

*Lockheed Martin Corp. v. Network Sols., Inc.*,
    141 F.Supp.2d 648 (N.D. Tex. 2001) ..........................................................28

*Lozada v. Posada*,
    718 S.W.3d 262 (Tex. 2025)........................................................................22

*Maxwell v. Thomas*,
    133 F.4th 453 (5th Cir. 2025) .....................................................................29

*McKay v. Novartis Pharm. Corp.*,
    751 F.3d 694 (5th Cir. 2014) ......................................................................27

*Payne v. City of Houston, Tex.*,
    No. 24-20150, 2025 WL 999085 (5th Cir. Apr. 3, 2025)............................ 28, 30

*Perez v. DNT Glob. Star, L.L.C.*,
339 S.W.3d 692 (Tex. App.—Houston [1st Dist.] 2011, no pet.) ......................21

*Poole v. City of Shreveport*,
13 F.4th 420 (5th Cir. 2021) ................................................................................29

*Pub. Util. Comm'n of Tex. v. Luminant Energy Co. LLC*,
691 S.W.3d 448 (Tex. 2024) ...............................................................................32

*Ragas v. Tennessee Gas Pipeline Co.*,
136 F.3d 455 (5th Cir. 1998) .................................................................................9

*Rattray v. City of Brownsville*,
662 S.W.3d 860 (Tex. 2023) ........................................................................ 26, 32

*Russell v. Ingersoll-Rand Co.*,
841 S.W.2d 343 (Tex. 1992) ................................................................................25

*Skotak v. Tenneco Resins, Inc.*,
953 F.2d 909 (5th Cir. 1992), opinion corrected (Mar. 26, 1992) ............ 7, 27, 33

*State v. Oakley*,
227 S.W.3d 58 (Tex. 2007) ..................................................................................25

*State v. Shumake*,
199 S.W.3d 279 (Tex. 2006) ................................................................................32

*Tex. Military Dep't v. Estrada*,
No. 04-25-00299-CV, 2025 WL 2408733 (Tex. App.—San Antonio Aug. 20,
2025, no pet.) ................................................................................................ 26, 31

*Tollett v. City of Kemah*,
285 F.3d 357 (5th Cir. 2002) ...............................................................................27

*United States v. Matthews*,
312 F.3d 652 (5th Cir. 2002) ...............................................................................27

*United States v. Rivera-Hernandez*,
No. 25-20022, 2025 WL 3034703 (5th Cir. Oct. 30, 2025) ................................29

*Werner Enterprises, Inc. v. Blake*, 719 S.W.3d 325, (Tex. 2025)........................8, 21

*Wichita Falls State Hosp. v. Taylor*,
    106 S.W.3d 692 (Tex. 2003)..................................................................26

*Willis v. Ocean Marine Indem. Co.*,
    56 F.3d 1386 (5th Cir. 1995) ..................................................................7

Statutes

Tex. Civ. Prac. & Rem. Code § 101.062 .....................................................30

Tex. Civ. Prac. & Rem. Code § 101.106 .............................................. 3, 23, 24, 26

Tex. Civ. Prac. & Rem. Code Ann. § 71.003 ...............................................25

Tex. Gov't Code § 311.034.......................................................................31

Tex. Transp. Code § 545.152....................................................................20

Tex. Transp. Code § 545.351.............................................................. 12, 15, 16

Tex. Transp. Code § 545.352....................................................................12

Tex. Transp. Code § 545.365....................................................................11

Tex. Transp. Code § 545.401....................................................................17

Tex. Transp. Code § 546.005....................................................................17

Tex. Transp. Code § 546.365....................................................................13

Rules

5th Cir. R. 47.5.4...................................................................................29

## ARGUMENT AND AUTHORITIES IN REPLY

Payne asserts many new arguments for the first time on appeal. The Court should not consider them. "Although on summary judgment the record is reviewed de novo, this court, for obvious reasons, will not consider evidence or arguments that were not presented to the district court for its consideration in ruling on the motion." *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915 (5th Cir. 1992), opinion corrected (Mar. 26, 1992); *Am. Family Life Assur. Co. of Columbus v. Biles*, 714 F.3d 887, 896 (5th Cir. 2013). And while the Court is not limited to the district court's analysis, it may not affirm the district court's summary judgment on a ground not raised in the trial court. *Frank C. Bailey Enterprises, Inc. v. Cargill, Inc.*, 582 F.2d 333, 334 (5th Cir. 1978); *Boyett v. Redland Ins. Co.*, 741 F.3d 604, 606–07 (5th Cir. 2014). If a party fails to assert a legal reason why summary judgment should not be granted, that ground is generally waived and cannot be raised or considered on appeal. *Willis v. Ocean Marine Indem. Co.*, 56 F.3d 1386 (5th Cir. 1995). The only exception is where failure to address an issue would result in "manifest injustice." *Id.* Payne's brief identifies no manifest injustice that would bring her new arguments within this exception.

Despite these new arguments, the unrefuted evidence conclusively establishes that Charles Payne, Sr.—impaired by a heart attack, a diabetic emergency, marijuana and/or the combination thereof failed to yield the right of way

when turning left.  Officer Cabrera had no duty to anticipate this illegal act, nor did Payne adduce competent evidence to establish that any conduct by Officer Cabrera proximately caused the accident.  Officer Cabrera's presence at the intersection when Charles Payne, Sr. made his illegal left turn was nothing more than a happenstance of place and time.

The Court should reverse and render judgment dismissing Payne's TTCA claims with prejudice for lack of subject-matter jurisdiction.

## I. Breach of Duty/Proximate Cause

Houston's opening brief demonstrated how the summary judgment record negated the breaches of duty Payne identified in her Complaint as the proximate cause of the collision.  Appellant's br. at 22-23.  Instead, the only proximate cause of the collision was Charles Payne, Sr.'s failure to yield the right of way when making a left turn.

Furthermore, Houston's opening brief demonstrated how Payne's summary judgment response failed to adduce controverting evidence or overcome the proximate cause hurdle established in *Werner Enterprises, Inc. v. Blake*, 719 S.W.3d 525 (Tex. 2025).  Appellant's br. at 27-28.

Payne nevertheless argues on appeal that she presented sufficient evidence to raise a fact issue on breach of duty and causation.  Payne's arguments are untenable.

> **A.     Even if Payne had not abandoned her negligence theory of failure to keep a proper lookout, her own expert negated proximate cause.**
>
> **1.     Payne abandoned her theory of failure to keep a proper lookout in the trial court and cannot resurrect it.**

Payne's summary judgment response abandoned several breaches of duty that Payne listed in the complaint, specifically: the failure to keep a proper lookout, failure to use due caution, failure to take evasive action, failure to control vehicle, and failure to use that degree of care as a person of ordinary, reasonable prudence would have used under similar circumstances. *Compare* ROA.27 *with* ROA.1813.   Payne's summary judgment response only argued the following breaches of duty: failing to control speed, driving recklessly, and failing to brake properly.  ROA.1813.

Nevertheless, Payne's response brief attempts to resurrect her negligence theory premised upon a duty to keep a proper lookout, based upon her other expert's recitation of a comment purportedly made on BWC footage. *See* Appellees' br. at 8-9, 17-18.  The mere fact that this statement can be found somewhere in the record is insufficient for the Court to consider it on appeal. *See Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) ("The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his or her claim.").  Rather, Payne's failure to raise this negligence theory in response to

10

Houston's motion for summary judgment constitutes abandonment. *Cavazos v. Philippus*, 273 F.3d 1096 (5th Cir. 2001) (per curiam) (unpublished) (citing *Hargrave v. Fibreboard Corp.*, 710 F.2d 1154, 1164 (5th Cir. 1983)).

### 2.    Payne's own expert negated proximate cause.

Nevertheless, the only evidence specifically identified to the trial court regarding this issue was Officer Cabrera's testimony that glancing down at his MDT did not pose a distraction, ROA.1120 and Irwin's concession that Officer Cabrera's glance down at his MDT did not contribute to cause the collision:

> Q. Earlier we talked about how you had a conversation with Mr. Dekle that Officer Cabrera had some sort of attention to the monitor in his police vehicle at some point prior to the crash, but he didn't know how long. Did any part of that conversation change your opinion that there is not an indication to inattention by either driver contributed to the crash?
>
> A. No, ma'am, it does not.

ROA. 1142:14-21.  Payne cited no evidence to create a genuine issue of material fact that Officer Cabrera's glace down at his MDT had no causal nexus to the accident.

### B.    Payne's argument for the first time on appeal that Officer Cabrera breached a common-law duty to drive no faster than a reasonably prudent driver under the circumstances then existing is unsupported.

For the first time ever, Payne's brief suggests that Texas has a common-law duty to drive no faster than a person of ordinary prudence. *See* Appellees' br. at

18.   Payne did not plead that any such common-law duty exists or that Officer Cabrera breached such duty.  ROA.27.  Payne's summary judgment response did not specifically reference a breach of this common-law duty.  ROA.1813.  The Court should disregard this argument.

Instead, throughout this litigation—both in state and federal court— Payne has relied upon Transportation Code § 545.351 provisions regarding speed. The problem of Payne's approach—as Houston pointed out in its motion for summary judgment—has always been that the Transportation Code expressly exempts officers such as Officer Cabrera from posted speed limits both when responding to a call and during a police patrol.  *See* ROA.1101, ROA.1106; Appellant's br. at 34-35.  Tex. Transp. Code § 545.365.  To understand why, a brief overview of the applicable law is warranted.

Section 545.351 states:

(a) An operator may not drive at a speed greater than is reasonable and prudent under the circumstances then existing.

(b) An operator:

(1) may not drive a vehicle at a speed greater than is reasonable and prudent under the conditions and having regard for actual and potential hazards then existing; and

(2) shall control the speed of the vehicle as necessary to avoid colliding with another person or vehicle that is on or entering the highway in

compliance with law and the duty of each person to use due care.

(c) An operator shall, consistent with Subsections (a) and (b), drive at an appropriate reduced speed if:

(1) the operator is approaching and crossing an intersection or railroad grade crossing;

(2) the operator is approaching and going around a curve;

(3) the operator is approaching a hill crest;

(4) the operator is traveling on a narrow or winding roadway; and

(5) a special hazard exists with regard to traffic, including pedestrians, or weather or highway conditions.

Tex. Transp. Code § 545.351.

The next section of the code establishes that the posted speed limit is prima facia evidence of what speed is reasonable and prudent generally, as well as particular contexts and for particular vehicles. Relevant here:

(a) A speed in excess of the limits established by Subsection (b) or under another provision of this subchapter is prima facie evidence that the speed is not reasonable and prudent and that the speed is unlawful.

Tex. Transp. Code § 545.352.

Various statutes pertaining to speed regulations then follow. But the code then exempts certain vehicles from all speed regulations:

(a) The regulation of the speed of a vehicle under this subchapter does not apply to:

13

        (1) an authorized emergency vehicle responding to a call;

        (2) a police patrol; or

        (3) a physician or ambulance responding to an emergency call.

    (b) A municipality by ordinance may regulate the speed of:

        (1) an ambulance;

        (2) an emergency medical services vehicle; or

        (3) an authorized vehicle operated by a blood or tissue bank.

Tex. Transp. Code § 546.365.

Payne's brief abandons her reliance upon the posted speed limit, seeking to avoid summary judgment on her negligence claim based upon a general duty to drive at a reasonable and prudent speed—irrespective of the posted speed limit. Appellees' br. at 18. But because Payne's tack in the trial court focused solely on the posted speed limit—which was inapplicable to Officer Cabrera as a patrol officer during a patrol shift responding to a call—Payne failed to develop evidence of what speed was reasonable and proper based on circumstances then-existing.[1] The only evidence of the circumstances came from Officer Cabrera and Captain

---

[1] Payne's brief refers to this stretch of Shepherd as a "known dangerous city street". *See* Appellees' br. at 19. But Payne proffered Captain Duplechain's testimony that this stretch of North Shepherd "tends to be a safer roadway when it comes to collisions." ROA.2080-81.

Duplechain, who both testified that Officer Cabrera was driving reasonably under the conditions then-existing.

Specifically, Officer Cabrera testified that he was driving reasonably and prudently, obeying traffic signals, maintaining visibility of the few vehicles surrounding him. ROA.1119-20. Captain Duplechain testified that Officer Cabrera was driving at a speed that was reasonable, based upon the totality of the circumstances, including, the traffic conditions, lighting, weather, time of day, and the customary flow of traffic. ROA.1224, 1225-26. He also testified that this stretch of Shepherd is a wide roadway with four lanes in each direction, traffic conditions were fairly optimal, the sight vectors were good in both directions, that it is a very flat area with no curve, and the customary flow of traffic is substantially higher than the marked speed limit. ROA.1229. Based on all of these factors, Captain Duplechain opined that Officer Cabrera was not driving unreasonably by reaching 70 mph. ROA.1231.

Payne adduced no contrary evidence. In fact, although Darcy opined that traveling 70mph in a 35mph zone was excessive, he disavowed consideration of any circumstances other than the posted speed limit. ROA.1661. Specifically, he expressly admitted that in reaching his opinion, he did not conduct average speed tests in the area (i.e., customary flow of traffic), did not consider road conditions, did not consider traffic conditions, did not consider roadway surface, did not

15

consider the condition of Officer Cabrera's vehicle, and did not consider Officer Cabrera's skill in driving. ROA.1662-64.

In short, the only evidence in the record that considered the conditions then-existing establishes that Officer Cabrera did not breach any duty to drive at a speed that was reasonable and prudent.

**1. Payne adduced no evidence regarding how much a reasonably prudent driver would have slowed when approaching the intersection of Shepherd and Thornton.**

Because Payne argues for the first time in her brief that Officer Cabrera failed to "drive at an appropriate reduced speed if … approaching and crossing an intersection ….", Tex. Transp. Code § 545.351(b)(1), Payne's summary judgment response failed to adduce any evidence as to what would have been an "appropriate reduced speed" as Officer Cabrera approached this intersection under these conditions. *See* ROA.1813, ROA.2235. Indeed, as it was unrefuted that no traffic lights or signs controlled traffic on Shepherd at this intersection, ROA.1120, Payne adduced no evidence to suggest that a prudent driver traveling northbound on Shepherd would actually slow at all when approaching this intersection.

**2. Officer Cabrera had no duty to avoid colliding with Charles Payne because Charles Payne was not lawfully entering the intersection.**

Section 545.351(b)(2) states that an operator shall control the speed of the vehicle as necessary to avoid colliding with another person or vehicle that is on

16

or entering the highway *in compliance with law* and the duty of each person to use due care. Tex. Transp. Code § 545.351(b)(2). Officer Cabrera did not violate this provision because Charles Payne, Sr. was not entering the roadway in compliance with the law. Indeed, the testimony from Officer Cabrera, Captain Duplechain, Irwin, and Darcy established that Charles Payne failed to yield the right of way to oncoming traffic while making a left turn across Shepherd.

> Darcy testified:
>
> Q. You agree with me that under the transportation code an officer -- sorry -- a driver has a duty to control speed to avoid colliding with a vehicle that was lawfully entering an intersection. Right?
>
> A. Yes.
>
> Q. And you agree with me that Charles Payne was not lawfully entering the intersection. Correct?
>
> A. Correct.

ROA.1666. Payne now calls this concession from her own expert conclusory. *See* Appellees' br. at 19. This concession not conclusory because Darcy also conceded:

- A party making a left turn must yield to traffic going straight in the opposite direction;

- Charles Payne was making a left turn;

- Charles Payne had a duty to yield to traffic heading northbound on Shepherd;

- Charles Payne had a duty to yield to Officer Cabrera;

- Charles Payne did not yield to Officer Cabrera.

17

ROA.1644-45.

Under Texas law, Officer Cabrera had no duty to foresee that Charles Payne, Sr. would fail to yield the right of way and would make an illegal left turn in front of him. *See Jarrett v. Shook*, No. 03-12-00038-CV, 2012 WL 4466473, at \*3 (Tex. App.—Austin Sept. 27, 2012, no pet.) (affirming verdict against driver who failed to yield the right of way when making a left turn). Payne's brief presents no contrary authority. *See* Appellees' br. at 17-19. The absence of a duty—by itself—is dispositive.

## C. Payne failed to adduce evidence that Officer Cabrera violated a duty to refrain from reckless driving.

Payne's brief asserts that she introduced sufficient evidence that Officer Cabrera breached his duty to refrain from reckless driving, hinging recklessness solely upon Officer Cabrera driving 70mph in a 35mph zone. Appellees' br. at 19; ROA.1818.[2]

Payne's argument is antithetical to prevailing Supreme Court authority. Tex. Transp. Code § 545.401(a); Tex. Transp. Code § 546.005. The Texas Supreme Court has repeatedly refused to find a speed that would—by itself—raise a fact issue of recklessness. *City of Austin v. Powell*, 704 S.W.3d 437, 458 (Tex. 2024); *City of Houston v. Green*, 672 S.W.3d 27, 31 (Tex. 2023); *see also City of Austin v.*

---

[2] Payne ignores her own expert's testimony that the accident would not have occurred if Officer Cabrera remained at 70mph, but stayed in the left lane. *See* Appellant's br. at 25; ROA.1146-47. Officer Cabrera's speed *by itself* is not the proximate cause of the collision.

*Sahyouni*, No. 03-23-00416-CV, 2026 WL 247195, at \*7 (Tex. App.—Austin Jan. 30, 2026, no pet. h.) (mem. op.) (recognizing under *Powell* that deeming speed alone sufficient to raise a fact question about recklessness would be exceptional). Furthermore, *Powell* rejected the argument that the combination of speeding, failure to control speed, and driver inattention could combine to reach recklessness. *Powell* 704 S.W.3d at 461.

Further, *Powell* emphasized that a court evaluating recklessness must also consider evidence suggesting that the driver was *not* reckless. *Powell*, 704 S.W.3d 461. Evidence of risk assessment is relevant to the recklessness inquiry because it undermines the contention that an officer "did not care about the result" of his action. *Id.* at 461–62. The evidence is unrefuted that Officer Cabrera engaged in "some degree of risk assessment" or "intent to minimize harm" rather than ignore or exacerbate the possible risk posed from his conduct. *See id.* (citing *City of San Antonio v. Maspero*, 640 S.W.3d 523, 532 (Tex. 2022)). Specifically, as Houston demonstrated in its opening brief, the record reflects that Officer Cabrera drove northbound on North Shepherd in a manner that he believed was reasonable and prudent. ROA1119, ROA1286-87. He was obeying traffic signals and came to a complete stop at several red lights on North Shepherd. ROA.1119. He was not accelerating aggressively. ROA.1137-38, 1672-73. He maintained visibility on the street and the road ahead of him. ROA.1120, ROA.1294. But he reached a peak

19

speed of 70 mph for a few seconds. ROA.1134, ROA.1134 (2.5 seconds). Reaching this speed for mere seconds is, if anything, nothing more than a momentary judgment lapse which does not raise a fact issue of recklessness. *Powell*, 704 S.W.3d at 458. And in any event, Captain Duplechain testified that Officer Cabrera was driving at a speed that was reasonable, based upon the totality of the circumstances, including, the traffic conditions, lighting, weather, time of day, and the customary flow of traffic, which is substantially higher than the marked speed limit. ROA.1224, 1225-26, ROA.1229, ROA.1231. Furthermore, when the collision appeared imminent, Officer Cabrera steered toward the trunk of the vehicle or at least the back seat where no persons appeared to be sitting. ROA.1120.

Against this unrefuted evidence that Officer Cabrera engaged in some degree of risk assessment and intent to minimize harm, evidence of his speed alone does not create a fact issue that could defeat summary judgment.

D. **Payne failed to present evidence or authority to refute that Charles Payne was the sole proximate cause of the collision**

Nevertheless, Payne's brief attempts to justify Charles Payne, Sr.'s failure to yield by suggesting he was unable to perceive the hazard posed by Officer Cabrera's vehicle. Appellees' br. at 21. Payne's arguments are untenable.

**1.      It is unrefuted that Payne breached his duty to yield while impaired and had an obstructed view.**

The unrefuted evidence reflects Charles Payne, Sr.'s judgment and perception were impaired—but it had nothing to do with Officer Cabrera's speed. Instead, as demonstrated in Houston's motion for summary judgment and opening brief it was because:

- Charles Payne was having a heart attack. ROA.1122.

- His blood glucose was extremely elevated, which, have almost certainly affected his vision, could have affected his judgment, and separately or combined with the fact that he was under the influence of marijuana made him impaired enough to turn left without looking or yielding to oncoming traffic. ROA.1122.

- By Payne's own admission, Charles Payne Sr.'s view was obstructed; ROA.1805; yet he started his left turn immediately in front of **Officer Cabrera** without stopping and in fact, barely even slowing down. ROA.1129-1131, ROA1133.

**2.      The Transportation Code imposed upon Charles Payne, Sr. a duty to yield to any vehicle that was in such proximity as to be an immediate hazard—irrespective of that vehicle's speed.**

Contrary to Payne's assertions, the Transportation Code requires the driver making a left turn to yield to *any vehicle* that is in such proximity as to be an immediate hazard—not merely hypothetical vehicles traveling the speed limit. Tex. Transp. Code § 545.152; *see* Appellees' br. at 21. Whether that vehicle is traveling

30, 50, 70, or 100 mph, if the vehicle is close enough to pose an immediate hazard, the driver making the left turn **must yield** the right of way.  And if the driver turning left cannot tell if the approaching vehicle is an immediate hazard, the driver turning left **must yield**.  Similarly, if the driver turning left has an obstructed view and cannot see whether oncoming traffic is close enough to pose a hazard, the driver turning left **must yield**.

This is why *Werner Enterprises, Inc. v. Blake*, 719 S.W.3d 525 (Tex. 2025)  is analogous and should be followed in making an *Erie* guess about what the Texas Supreme Court would hold here.  The only party that can be held responsible for this accident is the party who illegally made a left turn into the path of oncoming traffic without yielding.  Officer Cabrera did not proximately cause this collision or Payne's injuries.

### 3. Payne retained the burden to negate that Charles Payne, Sr. was the sole proximate cause.

Rather, the sole proximate cause of the collision was Charles Payne, Sr.'s failure to yield the right of way when making a left turn.  Nevertheless, Payne attempts to shift the burden, suggesting that Payne had no burden to disprove that Charles Payne, Sr.'s conduct was the sole proximate cause.  *See* Appellees' br. at 14, 22-23.  Payne's assertion is contrary to Texas law.  Sole proximate cause is an inferential rebuttal, not an affirmative defense. *Perez v. DNT Glob. Star, L.L.C.*, 339 S.W.3d 692, 699 (Tex. App.—Houston [1st Dist.] 2011, no pet.).  In a case issued

just a week before *Werner Enterprises*, the Texas Supreme Court confirmed that the plaintiff retains the burden of proof to negate an inferential rebuttal. *Lozada v. Posada*, 718 S.W.3d 262, 269 (Tex. 2025).

In that case the inferential rebuttal at issue was an "unavoidable accident." *Id.* The Court rejected the plaintiff's argument that the defendant could not use a no-evidence motion for summary judgment to assert his contention of unavoidable accident because, according to the plaintiff, the defendant retained the burden of proof for inferential rebuttals. *Id.* at 269. The Court held it is the plaintiff, not the defendant, who bears the burden of proof at trial to show that his injuries were not a product of an "unavoidable accident". *Id.*[3]

The same is true here: Payne retained the burden to prove that Charles Payne, Sr.'s conduct was ***not*** the sole proximate cause of the collision. Payne failed to meet this burden. Rather, as Houston demonstrated during its opening brief, Payne tacitly conceded that Charles Payne, Sr. caused the collision, and relied exclusively upon page 7 of Irwin's report, which did not support Payne's contentions regarding proximate cause. *See* Appellees' br. at 27-28.

The only evidence in the record is that—irrespective of the inapplicable posted speed limit—Officer Cabrera was traveling at a speed that was reasonable

---

[3] The Supreme Court also recognized "Accidents happen when something has gone wrong, but not all accidents are evidence of negligence." *Id.* Additionally, the court held "there is no evidence of what speed would have been prudent under the circumstances." *Id.*

23

and prudent under the conditions then existing. In contrast, Charles Payne, Sr. failed to yield the right of way while making a left turn. Under both *Werner Enterprises* and *Lozada*, Payne presented less than a scintilla of evidence to establish breach of duty or proximate cause by anyone other than Charles Payne, Sr. The Court's *Erie* guess should conclude that Payne failed to raise a genuine issue of material fact. The Court should reverse and render judgment dismissing Payne's TTCA claims with prejudice for lack of subject-matter jurisdiction.

## II.    Election of Remedies

As Houston demonstrated in its opening brief, section 101.106(d) of the TTCA's election of remedies scheme states "a judgment against an employee of a governmental unit shall immediately and forever bar the party obtaining the judgment from any suit against or recovery from the governmental unit." Tex. Civ. Prac. & Rem. Code § 101.106(d). Because the summary judgment evidence established that Charles Payne, Sr.'s estate took a judgment against Officer Cabrera—and Payne's claims are entirely derivative of Charles Payne, Sr.'s— Payne's tort claims against Houston are immediately and forever barred. *See* Appellant's br. at 31-32.

### A.    Payne's arguments cannot be considered because they were not presented to the district court.

In her summary judgment response in the trial court, Payne presented no argument or authority whatsoever as to why her TTCA claims survive

24

101.106(d).  ROA.1819, ROA.2738.  Nevertheless, Payne asserts responsive arguments for the first time on appeal.  The Court should disregard them.

**B.     Even if the Court were to consider Payne's arguments for the first time on appeal, they have no merit.**

**1.     The dismissal of Officer Cabrera's claims with prejudice was a "judgment against" him for purposes of Tex. Civ. Prac. & Rem. Code § 101.106(d).**

Payne's brief responds that the judgment was not a "judgment" at all, nor was it "against" Officer Cabrera.  Appellees' br. at 24.  In support of this proposition, Payne relies upon *Indem. Ins. Co. v. City of Garland, Tex.*, 258 S.W.3d 262, 269 (Tex. App.—Dallas 2008, no pet.).  In *Indemnity*, the dismissal was in favor of the employee.  *Id.* at 269.  In contrast here, the final judgment was "in opposition to" Officer Cabrera because it dismissed his claims with prejudice.  *Compare id.* at 269 *with* ROA.1393.  Furthermore, there order dismissing claims against the individual employee was merely interlocutory and was not a "judgment" because the City of Garland was still in the suit.  In contrast, here, the order of dismissal of Cabrera's suit was a final judgment—it disposed of all parties and claims in the suit.  ROA.1393; *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 200-06 (Tex. 2001) (holding that an order disposing of all remaining parties and claims is a final judgment regardless of its language).  As such, if *Indemnity* is instructive, it actually supports Houston's construction of 101.106(d).

25

**2.    Reading the election of remedies scheme in conjunction with the Wrongful Death Statute compels the conclusion that Payne's claims are barred.**

Payne further asserts 101.106(d) does not bar her claims against Houston because 101.106(d) is limited to the party who obtained the judgment. Appellees' br. at 25.  This argument is misguided for two interrelated reasons.

First, as Houston demonstrated in its opening brief, Payne's claims are wholly derivative of Charles Payne, Sr.'s.  *See* Appellant's br. at 32.  Indeed, as the Texas Supreme Court recognized, a wrongful death action is only permitted under Texas's wrongful death statute if the individual injured would have been entitled to bring an action for the injury.  *Russell v. Ingersoll-Rand Co.*, 841 S.W.2d 343, 346 (Tex. 1992) (citing Tex. Civ. Prac. & Rem. Code Ann. § 71.003).  Because Charles Payne, Sr. would be barred from bring an action against Houston, any wrongful death claim brought by Payne is similarly barred.  Tex. Civ. Prac. & Rem. Code § 71.003.  Accordingly, irrespective of the language in 101.106(d), the Texas Wrongful Death Act bars Payne's wrongful death claims against Houston.

Second, Payne's argument ignores the special rules when immunity from suit is implicated.  *See State v. Oakley*, 227 S.W.3d 58, 62 (Tex. 2007) (describing special rules).  More specifically, as Houston described in its opening brief, the election of remedies scheme confers immunity from suit.  *Franka v. Velasquez*, 332 S.W.3d 367, 371 n.9 (Tex. 2011) ("[W]e think the character of the

26

statute as one conferring immunity remains unchanged."). As such, the language should be construed in favor of immunity in the absence of clear and unequivocal language waiving immunity. *Wichita Falls State Hosp. v. Taylor*, 106 S.W.3d 692, 697 (Tex. 2003) (holding all doubts are resolved in favor of immunity). Because Tex. Civ. Prac. & Rem. Code § 101.106(d) does not clearly and unequivocally permit a wrongful death action against a governmental employer after the decedent's estate settled with the governmental employee, the claim is barred. *Tex. Military Dep't v. Estrada*, No. 04-25-00299-CV, 2025 WL 2408733, at *2 (Tex. App.—San Antonio Aug. 20, 2025, no pet.) (mem. op.) ("We apply a heavy presumption in favor of immunity and resolve ambiguities, if any, in favor of retaining immunity.")

Payne's arguments essentially reverse the analysis, inviting this Court to narrowly construe the immunity language, and infer waiver of immunity from statutory silence. That is the opposite of the Texas Supreme Court's instructions. *See Rattray v. City of Brownsville*, 662 S.W.3d 860, 865 (Tex. 2023).

## III.   9-1-1 Exception

Houston's opening brief demonstrated how Payne failed to meet her burden to negate application of the TTCA's 9-1-1 exception. *See* Appellant's br. at 33-34. Indeed, Payne's only argument in the trial court was that Officer Cabrera was no longer responding to an emergency. ROA.1820.

27

For the first time on appeal, however, Payne argues law of the case and rule of orderliness. *See* Appellee's br. at 26-27. Like Payne's arguments pertaining to the TTCA's election of remedies scheme, these arguments were not presented to the district court and should, therefore, not be considered by this Court. *Skotak*, 953 F.2d at 915; *Am . Family Life Assur. Co.*, 714 F.3d at 896. Even if the Court were to consider these new arguments, they have no merit.

**A.    Law of the case does not apply between pleadings stage and summary judgment stage.**

Under the law of the case doctrine a court may "not revisit the determinations of an earlier court unless (i) the evidence on a subsequent trial was substantially different, (ii) controlling authority has since made a contrary decision of the law applicable to such issues, or (iii) the decision was clearly erroneous and would work ... manifest injustice." *McKay v. Novartis Pharm. Corp.*, 751 F.3d 694, 703 (5th Cir. 2014). It is a discretionary, not a mandatory rule of jurisdiction. *See United States v. Matthews*, 312 F.3d 652, 657 (5th Cir. 2002), quoting *Tollett v. City of Kemah*, 285 F.3d 357, 363 (5th Cir. 2002). "Law of the case directs a court's discretion, it does not limit the tribunal's power." *Arizona v. California*, 460 U.S. 605, 618 (1983) (citations omitted).

The law-of-the-case doctrine does not bar a court from reaching a conclusion at summary judgment that is different from a ruling at the motion-to-dismiss stage. *Constance Joy II, LLC v. Stewart & Stevenson FDDA LLC*, No. 4:20-

CV-02967, 2024 WL 4008094, at *4 (S.D. Tex. Aug. 30, 2024) (citing *Lockheed Martin Corp. v. Network Sols., Inc.*, 141 F.Supp.2d 648, 654 (N.D. Tex. 2001)). This makes sense because the standards for motions to dismiss and for motions for summary judgment are entirely different. *Id.* (citing *Frakes v. Masden*, No. 4:14-CV-01753, 2015 WL 1637893, at *2 n.1 (S.D. Tex. Apr. 13, 2015), aff'd sub nom. *Frakes v. Ott*, 668 F.App'x 130 (5th Cir. 2016).

By way of example, the panel considering the appeal of Houston's 12(b)(6) expressly refused to consider Officer Cabrera's testimony and other summary judgment evidence from the state court case. *See Payne v. City of Houston, Tex.*, No. 24-20150, 2025 WL 999085, at *1–2 (5th Cir. Apr. 3, 2025) (unpublished); ROA.481 n.1. As such, the prior panel's analysis of recklessness under the TTCA's emergency exception was limited to Payne's conclusory allegations. On the summary judgment record, however, this Court can, and indeed must consider Officer Cabrera's testimony and the other evidence establishing Officer Cabrera's non-recklessness. *See Powell*, 704 S.W.3d 461. Accordingly, the law of the case does not apply at this procedural posture.

## B. The prior opinion was unpublished and, therefore, non-precedential.

Payne also relies on the rule of orderliness, suggesting the prior unpublished opinion is precedent that must be followed by subsequent panels. *See* Appellees' br. at 26-27, 30. But Payne ignores that the prior opinion was

unpublished; unpublished cases are non-precedential. *See Maxwell v. Thomas*, 133 F.4th 453, 454 n.1 (5th Cir. 2025) (citing 5th Cir. R. 47.5.4).   As an unpublished opinion, it does not constitute controlling precedent under the rule of orderliness. *Poole v. City of Shreveport*, 13 F.4th 420, 426 (5th Cir. 2021) ("Under our rule of orderliness, the earlier published decisions control over the later unpublished ones."); *see also United States v. Rivera-Hernandez*, No. 25-20022, 2025 WL 3034703, at *2 (5th Cir. Oct. 30, 2025) (unpublished) ("Under the longstanding rule of orderliness, this panel cannot disregard or overrule controlling precedent to follow an unpublished decision which is not precedent."); *Escamilla v. Elliott*, 816 Fed. Appx. 919, 924 n.8 (5th Cir. 2020) (unpublished). Consequently, the rule of orderliness does not constrain this Panel to the prior decision.

    **C.**    **Intervening case law from the Texas Supreme Court in *City of Killeen v. Terry* rendered the prior opinion in applicable and clearly erroneous.**

Finally, the Texas Supreme Court issued a seminal opinion pertaining to the 9-1-1 exception just weeks after the prior panel opinion.  *City of Killeen-Killeen Police Dep't v. Terry*, 712 S.W.3d 101, 102 (Tex. 2025).[4]   There, the intermediate court had applied a categorical rule that governmental units retain immunity from 9-1-1 emergency responses unless the driver acted recklessly.  *Id.* The Court held this was error.  *Id.*   Recognizing that the 9-1-1 and emergency

---

[4] The prior panel opinion issued April 3, 2025.  *Terry* issued April 25, 2025.

exceptions are distinct provisions with distinct elements, the Supreme Court expressly recognized that the 9-1-1 exception contains no residual recklessness prong. *Id.* at 102. It vacated the court of appeals opinion and remanded with instructions that the court consider whether the officer violated applicable statute or ordinance. *Id.*

The prior panel opinion made the exact same error as the court of appeals did in *Terry* by treating the 9-1-1 and emergency exceptions as co-extensive without recognizing their distinct statutory predicates for application. *Compare id. with Payne*, 2025 WL 999085, at *6–7. Specifically, as did the court of appeals in *Terry*, the prior panel opinion immediately proceeded to the recklessness analysis without first examining whether Payne alleged a violation of applicable statute or ordinance. *Compare Terry*, 712 S.W.3d at 102 *with Payne*, 2025 WL 999085, at *8. Furthermore, the prior opinion failed to recognize that while the TTCA's emergency exception is temporally limited to the officer's response to an emergency call or reaction to an emergency situation, the 9-1-1 exception is not subject to the same temporal limitation. *Compare* Tex. Civ. Prac. & Rem. Code § 101.062 ("***involves*** providing 9-1-1 service or ***responding*** to a 9-1-1 emergency call") *with* 101.055(2) ("***while responding*** to an emergency call or reacting to an emergency situation"). The Court must assume the legislature used different language in each subsection

31

for a reason.  *Tex. Military Dep't v. Estrada*, No. 04-25-00299-CV, 2025 WL 2408733, at *3 (Tex. App.—San Antonio Aug. 20, 2025, no pet.) (mem. op.).

Payne wholly ignored *Terry* in her summary judgment response as well as her brief in this Court.  ROA.1813, ROA.1820; Appellees' br. at v.

**D.**    **Because every word must be given meaning, the 9-1-1 exception must be construed more broadly than the TTCA's emergency exception.**

Based on the Supreme Court's analysis in *Terry*, Houston's opening brief demonstrated that the use of the word "involves" in section 101.062 thus broadens application of the 9-1-1 exception beyond the immediate response to any particular call itself.  *See* Appellees' br. at 33-34.

Payne responds to this statutory construction issue with "it is not clear that claims 'that involve responding' to 911 calls are, actually, any different than claims for (or about, or concerning) 911 calls".  *See* Appellees' br. at 29. This argument does not salvage her claims from the 9-1-1 exception for two reasons.

First, as discussed in Houston's opening brief, waivers of immunity must be clear and unequivocal with all doubts being construed in favor of immunity, rather than waiver.  Appellant's br. at 15-16; Tex. Gov't Code § 311.034.  If there were any lack of clarity, it must be resolved in favor of the 9-1-1 exception applying. Hence, the Court must hold that Payne failed to negate the 9-1-1 exception, and, therefore, Payne's claims should be dismissed with prejudice for lack of jurisdiction.

32

This makes sense because the ultimate issue underlying the TTCA is separation of powers embodied in the Texas Constitution:

> Consideration of each of those defining features of immunity is essential to the jurisdictional inquiry that lies at the heart of litigation under the Texas Tort Claims Act. Taken together, these features implicate the judicial branch's very authority to act—a limitation on jurisdiction that protects the separation of powers inherent in our constitutional order. …

*Rattray*, 662 S.W.3d at 867.

Second, Payne's argument ignores Texas's well-established principles of statutory construction. Every word used and omitted by the Legislature is presumed to have been done so intentionally. *Pub. Util. Comm'n of Tex. v. Luminant Energy Co. LLC*, 691 S.W.3d 448, 461 (Tex. 2024). Accordingly, the Legislature's omission of the word "while" in the 9-1-1 exception must be construed as the Legislature's intentional application of the 9-1-1 exception beyond the temporal limits of an initial 9-1-1 response. Similarly, in construing a statute, Texas courts give effect to all its words and, if possible, do not treat any statutory language as mere surplusage. *State v. Shumake*, 199 S.W.3d 279, 287 (Tex. 2006). Payne's suggestion that the language in the 9-1-1 exception "***involves … responding*** to a 9-1-1 emergency call" should be treated as co-extensive with language in the emergency exception "***while responding*** to an emergency call or reacting to an emergency situation" renders the word "***involves***" as mere surplusage.

In short, under Texas law, the 9-1-1 exception must be construed differently—indeed, more broadly—because it uses broader language than the TTCA's emergency exception.  So construed, the 9-1-1 exception plainly applies here because it is unrefuted that Officer Cabrera was still assigned to the priority two call for service that originated from 9-1-1 and was still performing tasks involving that call, including preparing the offense report and charges.  ROA.1119-20, 1222-23, 1275, 1277-78, 1290, 1300, 1653.

> **E.   Even if the Court could or should consider Payne's argument that Officer Cabrera was reckless, the evidence does not meet the threshold for recklessness under *Powell*.**

Payne's summary judgment response was silent as to the second prong of the 9-1-1 exception, i.e. violation of applicable law.  ROA.1813, ROA.1820.  Accordingly, the Court should not consider such arguments now.  *Skotak*, 953 F.2d at 915; *Am . Family Life Assur. Co.*, 714 F.3d at 896.

Furthermore, as *Terry* made clear, the 9-1-1 exception contains no residual recklessness prong, and therefore, a court must limit its analysis to violation of applicable law.  *See Terry*, 712 S.W.3d at 102.  As Houston argued in its summary judgment motion and opening brief, Officer Cabrera did not violate applicable law because the posted speed limits did not apply to him. Appellant's br. at 34-35; ROA.1111.  Neither Payne's summary judgment response nor her brief pointed to

evidence creating a genuine issue of material fact as to whether Officer Cabrera violated applicable law.  ROA.1813, ROA.1820.

Instead, Payne's response brief focuses solely on the fact that Officer Cabrera reached 70 mph in a 35 mph zone, and characterizes such conduct as recklessness.  *See* Appellees' br. at 30.  Under *Terry*, Payne's focus is misguided; even if there were evidence of recklessness it would not defeat the 9-1-1 exception because the 9-1-1 exception contains no residual recklessness prong.

That said, even if the Court were to construe Payne's argument as an argument that Officer Cabrera violated either Transportation Code section 545.401 (for non-emergency vehicles) or section 546.005 (for emergency vehicles), as discussed in section I.C., *supra*, Payne failed to present competent evidence of recklessness.  Nor did Payne negate the evidence of non-recklessness, i.e. that Officer Cabrera engaged in some degree of risk assessment and demonstrated intent to minimize harm.  The Court should reverse and render judgment dismissing Payne's TTCA claims with prejudice for lack of subject-matter jurisdiction.

35

## CONCLUSION

For the foregoing reasons, the Court should reverse and render judgment in Houston's favor dismissing Payne's TTCA claim with prejudice for lack of subject-matter jurisdiction.

Respectfully submitted,

**ARTURO G. MICHEL**
**City Attorney**

**CHRISTY L. MARTIN**
**Chief Torts/Civil Rights**

Date:  March 17, 2026

By:  */s/ Christy L. Martin*
ATTORNEY IN CHARGE
SBN:  24041336
FBN:  754168
832.393.6438
christy.martin@houstontx.gov
CITY OF HOUSTON LEGAL DEPARTMENT
900 Bagby, 4th Floor
Houston, Texas 77002
832.393.6259 Facsimile

***Attorneys for Defendants,***
***City of Houston, Texas,***

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded electronically through the electronic filing manager on March 17, 2026, to all known counsel of record.

*/s/ Christy L. Martin*
CHRISTY L. MARTIN

**CERTIFICATE OF COMPLIANCE**

I certify that the foregoing was prepared in Microsoft Word 2016 MSO 64-bit in Times New Roman 14 point font; the word-count function shows that, excluding those sections exempted under FRAP 31(f), the brief contains 6,472 words.

/s/ *Christy L. Martin*
CHRISTY L. MARTIN